SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel.: (702) 304-0432
Fax: (702) 922-3851

*Attorneys for Plaintiff Righthaven LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GARRY NEWMAN, an individual; and FACEPUNCH STUDIOS LTD., a limited company formed under the laws of Great Britain,<br><br>　　　　Defendants. | Case No.: 2:10-cv-01762-JCM-PAL<br><br>**PLAINTIFF RIGHTHAVEN LLC'S FIRST AMENDED COMPLAINT AS A MATTER OF RIGHT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)(1) AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows through this First Amended Complaint as a Matter of Right Pursuant to Federal Rule of Civil Procedure 15(a)(1) (the "Amended Complaint") against Garry Newman ("Newman") and Facepunch Studios Ltd. (the "Company" and collectively referenced herein with Newman as "Defendants") on information and belief:

**NATURE OF ACTION**

　　1.　　This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

# PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Newman is a citizen and resident of Great Britain, as set forth in his sworn declaration submitted in this action. (Doc. # 20 at 1.)

5. The Company is alleged to be a limited company organization under the laws of Great Britain. (Doc. # 20 at 2.) The Company is asserted to have no employees beyond its two directors. (*Id.*)

6. Newman has admitted his sworn declaration submitted in this action that he has an ownership interest in the Company and that he is one of two directors of the Company. (Doc. # 20 at 2.)

7. Newman has admitted in a sworn declaration filed in this action that he is the domain registrar for the Internet domain found at <facepunch.com> (the "Domain" and together with the content displayed thereon the "Website"). (Doc. # 20 at 2:1.)

8. As of the time Righthaven filed the original Complaint (Doc. # 1) Newman was identified by the registrar, Tucows, Inc. ("Tucows"), as the registrant and administrative contact for the Domain. Attached hereto as Exhibit 1A is a true and correct copy of the WHOIS domain search results for the Domain, which was performed on July 15, 2011. Currently, Newman is identified as the administrative and technical contact for the Website. (Exhibit 1A at 3.)[1]

9. Sometime after the filing of Righthaven's original Complaint, Newman's name was removed as the Website registrant and replaced by the Company as registrant. (*Id.*)

---

[1] Righthaven incorporates by reference the Exhibits attached to its original Complaint, *e.g.,* Doc. # 1-1, Ex. 1. Any Exhibits not previously submitted are identified herein with an associated alphabetical designation of "A". For example, newly submitted material cited above is referenced as "Exhibit 1A".

10. Newman is believed to exhibit substantial control over the Website and the content posted thereon as exhibited by the "Rules" section for the Website.  Attached hereto as Exhibit 2A is a true and correct copy of a printout of the Website Rules from July 15, 2011 as located at http://www.facepunch.com/fp_rules.php.  Specifically, the Website "Rules" state the following in reference to a "Garry", which Righthaven alleges on information and belief to be Defendant, "Garry doesn't need to provide a legitimate reason to ban anyone. ***These are his forums.*** If you're a dick to him he will ban you no matter how right or wrong you are." (Ex. 2A, emphasis added.)

11. Advertising directed toward those who view the Website can be clearly seen on even the "Rules" portion attached to this Amended Complaint. (Ex. 2A.)  The Website also contains user name, password and registration login information.  (*Id.*)  On information and belief, Righthaven alleges that revenue is generated by the Website through the advertising appearing thereon and potentially through memberships and/or account upgrades offered to members of the public.

12. Defendants, individually and/or collectively, are believed to economically benefit from viewer traffic on the Website and through related Website activities.  For instance, on information and belief, increased viewer traffic would likely result in advertisers paying more money for the right to have their company's ads displayed.  Likewise, Defendants, individually and/or collectively, also potentially economically benefit from Website visitors clicking on displayed ads on what is referred to as a "pay-per-click" revenue model.

13. Newman unquestionably receives an economic benefit, or the opportunity to receive such a benefit, based on his ownership interest in the Company. (Doc. # 20 at 2.)

**JURISDICTION AND VENUE**

14. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

15. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in Nevada.

16. As alleged herein, Righthaven is the owner of the copyright in the literary work entitled " 'Death ray' scorched hair" (the "Work"), which was originally published by the *Las Vegas Review-Journal*. (Doc. # 1-1, Ex. 1.)

17. At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the *Las Vegas Review-Journal*.

18. The subject matter of the Work, at least in part, directly relates to an architectural phenomena occurring at a prominent hotel located in Las Vegas, Nevada. (Doc. # 1-1, Ex. 1.) No other geographic location is associated with the Work. (*Id.*)

19. The Work is of specific interest to Nevada residents because it relates to an architectural phenomena occurring at a prominent hotel located in Las Vegas, Nevada. (Doc. # 1-1, Ex. 1.)

20. On or about September 25, 2010, Defendants displayed the Work on the Website without authorization; alternatively, Defendants permitted the unauthorized copy of the Work to be displayed on the Website with knowledge that such display was impermissible despite Newman's role as a content monitor for the Website and despite other means of preventing this unauthorized display (the "Infringement"). (Doc. # 1-1, Ex. 2.)

21. Defendants willfully copied, on an unauthorized basis, the Work from a source emanating from Las Vegas, Nevada.

22. Defendants' knew the original source publication was the *Las Vegas Review-Journal* by directly causing, participating in, or contributing participating in the Infringement.

23. Defendants' knew the subject matter of the Work, at least in part, directly related to an architectural phenomena occurring at a prominent hotel located in Las Vegas, Nevada by directly causing, participating in, or contributing participating in the Infringement.

24. Defendants' knew the Work was of specific interest to Nevada residents by directly causing, participating in, or contributing to the Infringement.

25. Defendants' display of the Infringement was and, at least as of the filing of the original Complaint, purposefully directed toward the State of Nevada and its residents.

26. Defendants knew, or reasonably should have known, that websites, such as the Website, are and were subject to habitual postings by members, users, enhanced users and/or website visitors of unauthorized copyright protected content.

27. Defendants failed to institute any proactive policy of precluding, or attempting to preclude, others from posting unauthorized copyright protected content on the Website.

28. Defendants failed to institute any proactive policy of deleting, or attempting to delete or otherwise remove, the display of unauthorized copyright protected content on the Website.

29. Defendants' alleged conduct and/or failure to act concerning the unauthorized posting of copyright protected content on the Website constituted and constitutes willful blindness of such infringing conduct, which includes the Infringement.

**FACTS**

30. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

31. On January 18, 2010, Stephens Media LLC ("Stephens Media), owner of the *Las Vegas Review-Journal*, and Righthaven entered into a Strategic Alliance Agreement (the "SAA"), which generally governed the relationship between the two parties with regard to the assignment and licensure of copyright protectable content.

20. On May 9, 2011, Stephens Media and Righthaven executed the Clarification and Amendment to Strategic License Agreement (the "Clarification") in order to clarify the parties' intentions regarding copyright assignments to Righthaven, and to eliminate Stephens Media's right of reversion and convert Stephens Media's right to use an assigned copyright to a mere

non-exclusive license.  The Clarification is retroactive to the effective date of the SAA.  At least since the execution of the Clarification, Righthaven has been the sole, current owner of the copyright in and to the Work and has standing to sue Defendants for infringement of the Work.

21.     On July 7, 2011, Stephens Media and Righthaven entered into an Amended and Restated Strategic Alliance Agreement (the "Restated Amendment") to further clarify the parties' intentions regarding copyright assignments to Righthaven, and to, among other things, grant Stephens non-exclusive license to exploit the Work, with a possibility that such non-exclusive license would terminate after five (5) years upon the voluntary election of an optional reversion.  The Restated Amendment is retroactive to the effective date of the SAA.  The Restated Amendment has sought to clarify, correct, amend and/or address issues identified in judicial decisions from this District, which certain Righthaven copyright infringement actions without prejudice for lack of standing.

22.     The Work was originally published prior to the Infringement.

24.     At no time did Defendants seek permission, in any manner, to reproduce, display or otherwise exploit the Work.

25.     At no time were Defendants granted, expressly or impliedly, permission to reproduce, display or otherwise exploit the Work.

26.     After the Infringement, Stephens Media assigned all rights, title and interest in and to the Work to Righthaven (the "Assignment").  In addition to conveying full ownership rights in and to the Work, Stephens Media also expressly conveyed to Righthaven in the right to seek redress for all past, present and future infringements of the Work through the Assignment.

27.     The alleged Infringement occurred prior to the Assignment.  As such, the infringing conduct alleged herein constitutes an accrued or past claim for relief that was assigned by Stephens Media to Righthaven, along with all rights of ownership, through the Assignment despite the license-back of certain rights to Stephens Media under the SAA, the Clarification or the Restated Amendment.

28. In view of the Assignment, the SAA, the Clarification, and the Restated Amendment, Righthaven unquestionably owns the Work and has been properly conveyed the right to sue for past, present and future infringements of the Work, which includes Defendants' infringing conduct alleged herein.

31. On October 6, 2010, the United States Copyright Office received Righthaven's official submittal for registration of the Work, including the application, the deposit copy and the registration fee as alleged in the original Complaint and Exhibit 3 attached thereto.  (Doc. # 1 at 4; Doc. # 1-1, Ex. 4.)

## FIRST CLAIM FOR RELIEF: DIRECT COPYRIGHT INFRINGEMENT

32. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 31 above.

33. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

34. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

35. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

36. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

37. Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

38. Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

39. Defendants distributed, and for some unknown time period continued to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

40. Defendants publicly displayed, and for some unknown period of time continued to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

41. Defendants have willfully engaged in the copyright infringement of the Work.

42. Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

43. Unless Defendants and those acting in concert with them are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement pursuant to 17 U.S.C. § 502.

## SECOND CLAIM FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT

44. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 43 above.

45. Defendants have directly profited and continued to directly profit, at least as of the filing of the original Complaint, from their Infringement.

46. The Defendants had as of the as of filing of the original Complaint, the right and ability to stop or limit infringement of copyright protected works displayed on the Website, but have declined to meaningfully exercise that right as evidenced by the Infringement.

47. Righthaven has been damaged as a result of Defendants' acts as alleged herein, and Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

48. Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

49. Unless Defendants and those acting in concert with them are preliminarily and permanently enjoined from further infringement of the Cardinal Work, Righthaven will be

irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement of the Cardinal Work, pursuant to 17 U.S.C. § 502.

**PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claims for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain Defendants, and Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a. All evidence and documentation relating in any way to Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

   b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding his use of the Work; and

   c. All financial evidence and documentation relating to the Defendants' use of the Work;

3. Order the surrender to Righthaven of all hardware, software, electronic media and domains, including the Domain, used to store, disseminate and display the unauthorized versions of any and all copyrighted Works as provided for under 17 U.S.C. § 505(b) and/or as authorized by Federal Rule of Civil Procedure 64;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this 15th day of July, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano, Esq.
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel.: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am an employee of Righthaven LLC and that on this 15th day of July, 2011, I caused **PLAINTIFF RIGHTHAVEN LLC'S FIRST AMENDED COMPLAINT AS A MATTER OF RIGHT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)(1) AND DEMAND FOR JURY TRIAL** to be served by the Court's CM/ECF system.

By:  /s/ Shawn A. Mangano
Shawn A. Mangano, Esq.
SHAWN A. MANGANO, LTD.