BROWNSTEIN HYATT FARBER SCHRECK, LLP
KIRK B. LENHARD (Nevada Bar No. 1437)
ANTHONY J. DIRAIMONDO (Nevada Bar No. 10875)
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone:  (702) 382-2101 // Facsimile:  (702) 382-8135
Email:  klenhard@bhfs.com
Email:  adiraimondo@bhfs.com

BONE McALLESTER NORTON PLLC
STEPHEN J. ZRALEK (*Admitted pro hac vice*)
Nashville City Center
511 Union Street, Suite 1600
Nashville, Tennessee 37219
Telephone:  (615) 238-6305 // Facsimile:  (615) 687-2763
Email:  szralek@bonelaw.com

Attorneys for Defendant
GARRY NEWMAN

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

RIGHTHAVEN, LLC,

          Plaintiff,

     v.

GARRY NEWMAN, an individual; and
FACEPUNCH STUDIOS LTD., a limited
company formed under the laws of Great
Britain,

          Defendants.

Case No.:  2:10-cv-01762-JCM -PAL

**DEFENDANT'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION OF
ORDER DISMISSING COMPLAINT
AGAINST GARRY NEWMAN**

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Garry Newman ("Newman") responds in opposition to the Motion for

Reconsideration that Plaintiff Righthaven, LLC ("Righthaven") filed, seeking to set aside the

Court's Order Dismissing the Complaint against Newman.[1]   Under Local Rule 7-2(b), the Court

properly granted Newman's Motion to Dismiss based on Righthaven's failure to file a response.

---

[1] In its First Amended Complaint, Righthaven has added as a defendant Facepunch Studios Ltd., a
limited company formed under the laws of Great Britain.  Righthaven has not served process on
Facepunch, and this Response is filed solely on behalf of Newman.

15141\1\1568903.1                                          1

*(side margin)* BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP, A LAW CORPORATION
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 SEVENTEENTH STREET, SUITE 2200
DENVER, CO 80202-4432

1    As Righthaven admits in its Motion for Reconsideration, its response to Newman's

2    Motion to Dismiss was due July 15, 2011.  See Doc. 23 at p. 2.  Righthaven asserts that it filed its

3    First Amended Complaint on July 15, 2011.  Id.  Righthaven also asserts that its First Amended

4    Complaint constitutes a response to the Motion to Dismiss.  Both assertions are misleading.  First,

5    the Court's CM-ECF stamp across the top of Righthaven's First Amended Complaint shows it

6    was not filed until July 16, 2011.  See Doc. 21.  Second, it was improper for Righthaven to file its

7    First Amended Complaint "as of right" under Rule 15(a), since the amended complaint is largely

8    based on new transactions and occurrences that took place after the filing of the original

9    complaint, namely Righthaven's second amendment to the underlying Strategic Alliance

10   Agreement with Stephens Media, dated July 7, 2011, on which Righthaven claims to base its

11   standing.   Accordingly, Righthaven's "amended complaint" is actually a "supplemental

12   pleading," which required permission from the Court and notice to Newman prior to its filing,

13   under Rule 15(d).

14   "The disposition of a motion for reconsideration is within the district court's discretion."

15   U.S. E.E.O.C. v. Scolari Warehouse Markets, Inc., 488 F. Supp. 2d 1117, 1142 (D. Nev. 2007)

16   (denying motion for reconsideration and citing Bliesner v. Commc'n Workers of Am., 464 F.3d

17   910, 915 (9th Cir.2006)).  Similarly, a district court's dismissal of a complaint pursuant to its

18   local rules is reviewed on appeal for an abuse of discretion.  Ghazali v. Moran, 46 F.3d 52, 53

19   (9th Cir. 1995) (quoting United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979)).  "Only in

20   rare cases will [an appellate court] question the exercise of discretion in connection with the

21   application of local rules."  Id.

22   Righthaven's failure to timely respond to Newman's Motion to Dismiss was only one of

23   the grounds the Court considered in granting the dismissal.  As explicitly stated in the Order, the

24   Court also weighed five factors: "(1) the public's interest in expeditious resolution of litigation;

25   (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

26   policy favoring disposition of cases of their merits; and (5) the availability of less drastic

27   sanctions."  See Order (Doc. 22) at 1 (quoting Ghazali, 46 F.3d at 53).  Reconsideration should be

28   denied given the Court's consideration of the above factors, Righthaven's failure to file any

response to the Motion to Dismiss, the Court's granting dismissal without prejudice, and Righthaven's improper filing of an Amended Complaint as of right when it was required to seek permission.

Here there is no need for the Court to reconsider its Order granting Newman's Motion to Dismiss.  The Order granted the dismissal without prejudice, which would have allowed Righthaven to file a new complaint against Newman.  Righthaven failed to take advantage of the opportunity to file an amendment as of right, and instead filed a supplemental pleading without permission, as discussed above.  Righthaven's 21-day period under Rule 15(a)(1)(B) has since expired.  Nevertheless, contemporaneous with the filing of this Response, Newman is filing a Motion to Dismiss Righthaven's improperly labeled "First Amended Complaint," to address the substantive flaws in the Complaint – the lack of subject matter jurisdiction and lack of personal jurisdiction.

DATED this 1st day of August, 2011.

BROWNSTEIN HYATT FARBER SCHRECK LLP

By: /s/ Anthony J. DiRaimondo
Kirk B. Lenhard, Nevada Bar No. 1437
Anthony J. DiRaimondo, Nevada Bar No. 10875
100 N. City Parkway, Suite 1600
Las Vegas, NV 89106
klenhard@bhfs.com
adiraimondo@bhfs.com
(702) 382-2101

BONE McALLESTER NORTON PLLC

By: /s/ Stephen J. Zralek
Stephen J. Zralek, *Admitted pro hac vice*
511 Union Street, Suite 1600
Nashville, TN 37212
szralek@bonelaw.com
(615) 238-6305

Attorneys for Defendant
GARRY NEWMAN

BROWNSTEIN HYATT FARBER SCHRECK, LLP, A LAW CORPORATION
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 SEVENTEENTH STREET, SUITE 2200
DENVER, CO 80202-4432

15141\1\1568903.1

**BROWNSTEIN HYATT FARBER SCHRECK, LLP, A LAW CORPORATION**
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 SEVENTEENTH STREET, SUITE 2200
DENVER, CO 80202-4432

1

## CERTIFICATE OF SERVICE

2      Pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing

3   Procedures, I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK,

4   LLP, and that on the 1st day of August, 2011, the foregoing **DEFENDANT'S RESPONSE IN**

5   **OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER**

6   **DISMISSING COMPLAINT AGAINST GARRY NEWMAN** was served via electronic

7   service to the address shown below:

8      Shawn A. Mangano, Esq.
       SHAWN A. MANGANO, LTD.
9      9960 West Cheyenne Ave., Suite 170
       Las Vegas, NV 89129-7701
10     **shawn@manganolaw.com**
       *Attorney for Plaintiff*
11     *Righthaven, LLC*

12

13

                                    /s/  Paula Kay
14                           an employee of Brownstein Hyatt Farber Schreck, LLP

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15141\1\1568903.1                                    4