SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel.: (702) 304-0432
Fax:  (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>               Plaintiff,<br><br>v.<br><br>GARRY NEWMAN, an individual; and FACEPUNCH STUDIOS LTD., a limited company formed under the laws of Great Britain,<br><br>               Defendants. | Case No.: 2:10-cv-01762-JCM-PAL<br><br>**PLAINTIFF RIGHTHAVEN LLC'S RESPONSE TO DEFENDANT GARRY NEWMAN'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND LACK OF PERSONAL JURISDICTION** |

Plaintiff Righthaven LLC ("Righthaven") hereby responds to Defendant Garry Newman's ("Defendant") Motion to Dismiss The First Amended Complaint for Lack of Subject Matter Jurisdiction and Lack of Personal Jurisdiction (Doc. # 25, the "Motion").  Defendant seeks dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)").  (*Id.* at 2.)  Defendant's lack of personal jurisdiction dismissal request is made under Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)"). (*Id.*)  As argued below, the Motion must be denied in its entirety.

1

Righthaven's response is based upon the below Memorandum of Points and Authorities, the pleadings and papers on file in this action, any permitted oral argument, and any other matter of which this Court takes notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendant's Motion challenges Righthaven's standing to maintain this action based upon the allegations contained in its First Amended Complaint (Doc. # 21, the "Amended Complaint"). The Amended Complaint was filed as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1)("Rule 15(a)(1)"). By amending as a matter of right, the Amended Complaint supersedes and replaces the jurisdictional facts in existence at the time of the original complaint. *See ConnectU LLC v. Zuckerberg,* 522 F.3d 82, 96 (1st Cir. 2008). Thus, the allegations contained in the Amended Complaint control the Court's analysis under Rule 12(b)(1) and Rule 12(b)(2). As argued below, Defendant's Motion must be denied when the allegations at issue are applied under Rule 12(b)(1) and Rule 12(b)(2).

### II.   STATEMENT OF FACTS

#### A.   Stephens Media's Assignment Of Ownership And The Right To Sue For Past, Present And Future Infringements To Righthaven.

Righthaven asserts that it is the owner of the copyrighted literary work entitled "'Death ray' scorched hair" (the "Work"), which was originally published by the *Las Vegas Review-Journal*. (Doc. # 21 at 4; Doc. # 1-1, Ex. 1.) The Work contains numerous references to the *Las Vegas Review-Journal* that indicate it as the source publication. (Doc. # 1-1, Ex. 1.) The Work details an architectural phenomenon occurring at a prominent Las Vegas hotel. (*Id.*)

Righthaven obtained ownership of the Work through an assignment (the "Assignment") from Stephens Media LLC ("Stephens Media"), the owner of the *Las Vegas Review Journal*. (Doc. # 21 at 5.) In addition to transferring ownership, the Assignment also granted Righthaven the right to sue for all past, present and future infringements of the Work to Righthaven. (Doc. # 21 at 5.) The Assignment occurred after the alleged infringement was committed. (*Id.*)

Righthaven maintains that by considered alone, the Assignment fully confers standing to sue for accrued copyright infringement claims.  To the extent any decision from this District is believed to address this situation, Righthaven respectfully disagrees that any such analysis has occurred.  It is Righthaven's assertion that, with the exception of one potentially advisory opinion mentioned below, the standing decisions within this District have examined the assignments concurrently with the company's original contract with Stephens Media. Simply put, the Assignment represents a transfer of ownership that, at a minimum, vests Righthaven with standing to sue for past infringements under Ninth Circuit case law.

### B. The Amended Complaint Presents This Court With Factual Allegations That Have Not Been Analyzed Under Rule 12(b)(1).

As the Court is well aware, several Righthaven cases have been dismissed without prejudice for lack of subject matter given the original terms of a Strategic Alliance Agreement (the "SAA") between the company and Stephens Media. [1]  The Amended Complaint, however, contains factual allegations that have not been examined under these prior decisions.

On January 18, 2010, Righthaven and Stephens Media entered in the SAA. (Doc. # 21 at 5.)  On May 9, 2011, the parties amended the SAA to clarify the nature of the copyright assignments to Righthaven, to eliminate a right of reversion granted to Stephens Media, and to expressly define Stephens Media as holding a non-exclusive license right to exploit any assigned works (the "Clarification"). (*Id.* at 5-6.)  The Clarification has yet to be substantively examined in this District aside from a potentially advisory analysis set forth in *Righthaven LLC v. Hoehn,* Case No. 2:11-cv-00050-PMP-RJJ (D. Nev. June 6, 2011) ("*Hoehn*") (Doc. # 28 at 10). The Clarification is clearly part of the jurisdictional record given the allegations of the Amended Complaint.

---

[1]  *See Righthaven LLC v. Mostofi,* No. 2:10-cv-01066-KJD-GWF (D. Nev. July 13, 2011) (Doc. # 34 at 7, limited to original SAA terms); *Righthaven LLC v. Democratic Underground, LLC,* 2011 WL 2378186, at *6 (D. Nev. June 20, 2011) (Doc. # 116 at 8 n.1, limiting analysis to original SAA and assignment); *Righthaven LLC v. DiBiase,* No. 2:10-cv-01343-RLH-PAL (D. Nev. June 22, 2011) (Doc. # 72 at 2-3, applying *Democratic Underground's* analysis);

The Amended Complaint also explains that on July 7, 2011, Righthaven and Stephens Media amended the SAA a second time to specifically address the concerns stated in the *Hoehn* decision (the "Restated Amendment").  (Doc. # 21 at 6.) The Restated Amendment contains the operative and controlling contractual terms between the parties. (*Id.*)  The Restated Amendment grants Stephens Media a non-exclusive license to exploit any assigned works. (*Id.*)  Stephens Media can only terminate its non-exclusive license to exploit a work five years after it has assigned ownership to Righthaven. (*Id.*)  As with the Clarification, the Restated Amendment is retroactive to the effective date of the SAA.  (*Id.* at 6.)  No court has considered the Restated Amendment under a subject matter jurisdiction analysis, which is part of the facts set forth in the Amended Complaint.  Righthaven is confident that if it is found to not have standing under the Clarification, the Restated Amendment unequivocally establishes standing.

### C.  The Infringement Allegations.

With regard to the infringement allegations in this case, Righthaven contends the Defendant is one of two owners of Facepunch Studios Ltd., which allegedly is an organization formed under the laws of Great Britain (the "Company" and referred collectively with Defendant Newman as "Defendants").  (Doc. # 21 at 2.)  Defendant has been sued in his individual capacity for copyright infringement.  (*Id* at 2-3, 7-9.) Righthaven has also asserted infringement claims against the Company.  (*Id.*)

The Amended Complaint describes the Defendant's personal involvement in the alleged infringement.  First, the Defendant has admitted that he is the registrant for the Internet domain found at <facepunch.com> (the "Website"). (*Id.* at 2.)  Sometime after Righthaven filed this case, the Company replaced the Defendant as the Website registrant. (*Id.*) As of at least July 15, 2011, the Defendant was identified as the administrative and technical contact for the Website. (Doc. # 21 at 2, Ex. 1A.)

Secondly, the Defendant is alleged to exert substantial control over the Website.  (*Id.* at 3.)  Attached to the Amended Complaint is a copy of the Website's "Rules".  (*Id.*, Ex. 2A.)  In reference to a "Garry" that is believed to be the Defendant, the Website "Rules" boldly proclaim, "Garry doesn't need to provide a legitimate reason to ban anyone. ***These are his forums.***" (*Id.*,

emphasis added.)  Righthaven will leave the remaining colorful parameters of Garry's authority to the quotation contained in the Amended Complaint. (Doc. # 21 at 3.)

The Website unquestionably contains a commercial aspect. Advertising is readily apparent on the "Rules" section of the Website.  (*Id.*)  The Website also employs user names, passwords and registration login information.  (*Id.*)  Righthaven's Amended Complaint alleges that the Defendant, either individually or collectively with the Company, monetarily benefits from Website advertising and from visitors clicking on displayed ads in what is referred to as a "pay-per-click" revenue model.  (*Id.*)  Thus, the Website is operated for a commercial purpose.

It is alleged that after being published by the *Las Vegas Review-Journal*, the Defendants displayed, or permitted to be displayed, an unauthorized copy of the Work on the Website.  (*Id.* at 4.) The Defendant, is who is believed to be the Website's content monitor, knew or should have known the Work was misappropriated from the *Las Vegas Review-Journal* and that its content discussed an architectural phenomenon at a prominent Las Vegas hotel. (*Id.*)  Defendant is alleged to have directly caused, participated in, or contributed to the unauthorized display. (*Id.*)

Righthaven has asserted two claims for copyright infringement in this case: (1) direct infringement based on the Defendants having allegedly displayed the unauthorized copy on the Website (*Id.* at 7-8); and (2) vicarious infringement for the alleged failure to stop the unauthorized display of protected works, including the Work, on the Website, while profiting from, among other things, advertising revenues based on visitor and user traffic. (*Id.* at 8-9.)

Defendants are accused of willfully infringing the Work. (*Id.* at 8.)  Righthaven has, among other things, sought entry of a permanent injunction and an award of statutory damages against Defendants. (*Id.* at 9.)  Righthaven has demanded a jury trial in this case.  (*Id.* at 10.)

## III.   APPLICABLE LEGAL STANDARDS

### A.  Rule 12(b)(1) Standards.

Rule 12(b)(1) allows for the dismissal of an action for lack of subject matter jurisdiction. FED.R.CIV.P. 12(b)(1).  District courts have original subject matter jurisdiction over claims "arising under" federal law relating to patents, copyrights, trademarks and . . . related claims of unfair competition." 28 U.S.C. § 1338(a), (b); *see also Scholastic Ent., Inc. v. Fox Ent. Group,*

*Inc.,* 336 F.3d 982, 986 (9th Cir. 2003).  A copyright infringement plaintiff is required to allege: (1) ownership of a valid copyright; and (2) the defendant's violation of one or more of the copyright owner's exclusive rights set forth under the Copyright Act.  *Ellison v. Robertson,* 357 F.3d 1072, 1077 (9th Cir. 2004); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991).

Under Rule 12(b)(1), the plaintiff bears the burden of establishing the existence of subject matter jurisdiction since it is the party who invoked the court's jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 376-78 (1994).  Subject matter jurisdiction must be demonstrated at successive stages of the litigation.  *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992).  When a party files an amended complaint as a matter of right pursuant to Rule 15(a)(1), "the absence of federal subject matter jurisdiction in the original complaint will pose no obstacle to consideration of [the] amended complaint." *ConnectU LLC,* 522 F.3d at 96 (citing *Integrated Tech. & Dev., Inc. v. Rosenfield,* 103 F. Supp. 2d 574, 579 (E.D.N.Y. 2000)).  When amended as a matter of right, no court action is required and the amended complaint replaces the jurisdictional facts in existence at the time of the original complaint. *Id.*

A Rule 12(b)(1) motion that does not consider extrinsic evidence is commonly referred to as a facial attack. [2] *Warren v. Fox Family Worldwide, Inc.* 328 F.3d 1136, 1139 (9th Cir. 2003); *Morrison v. Amway Corp.,* 323 F.3d 920, 924 n. 5 (11th Cir. 2003); *Li v. Chertoff,* 482 F. Supp. 2d 1172, 1175 (S.D. Cal. 2007).  A facial attack challenges the sufficiency of the complaint's allegations that federal subject matter has been invoked. *Montez v. Department of Navy,* 392 F.3d 147, 149-50 (5th Cir. 2004); *Warren,* 328 F.3d at 1139; *Morrison,* 323 F.3d at 924 n. 5; *Li,* 482 F. Supp. 2d at 1175. Under a facial attack, the Court must accept as true all well-pleaded facts

---

[2] The party challenging subject matter jurisdiction under Rule 12(b)(1) may also proffer extrinsic evidence in support of the relief requested under what is sometimes referred to as a factual attack.  *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004).  A factual attack under Rule 12(b)(1) is based on extrinsic evidence significantly separate from the challenged pleading.  *See Gould Elecs. Inc. v. United States,* 220 F.3d 169, 176 (3d Cir. 2000); *Holt v. United States,* 46 F.3d 1000, 1002-03 (10th Cir. 1995).  As discussed herein, Defendant failed to present any extrinsic evidence sufficient to deem his Rule 12(b)(1) dismissal request as a factual attack.

and draw all reasonable inferences in favor of the non-moving party. *See Association of Am. Med. Coll. v. United States,* 217 F.3d 770, 778-79 (9th Cir. 2000).  In order to survive a Rule 12(b)(1) facial attack, the complaint must contain "sufficient jurisdictional facts to state a claim which is plausible on its face." *Bushnell, Inc. v. Brunton Co.,* 659 F. Supp. 2d 1150, 1157 (D. Kan. 2009).

Defendant's Rule 12(b)(1) dismissal request must be denied in view of the applicable standards because Righthaven's Amended Complaint contains more than sufficient facts to vest this Court with subject matter jurisdiction.

**B.  Rule 12(b)(2) Standards.**

Defendant's request for dismissal for lack of personal jurisdiction is brought despite the fact that he is alleged to have engaged in, or permitted the display of, a wholesale, unauthorized copy of the Work, which was obtained from a source publication unquestionably associated with the State of Nevada.  The source publication is clearly distributed to and its content is aimed principally at persons associated with, and largely residing in, the greater Las Vegas valley. Moreover, the topic of the misappropriated Work expressly concerned an architectural phenomenon at a Las Vegas hotel. (Doc. # 21 at 4; Doc. # 1-1, Ex. 1.)

With the foregoing facts in mind, the Court must evaluate whether these allegations, if true, sufficiently establish personal jurisdiction over the Defendant.  *See Data Disc, Inc. v. Systems Tech. Assocs., Inc.,* 557 F.2d 1280, 1289 (9th Cir. 1977).  Where allegations in the Complaint are contested via declarations or other evidence, such evidence must be competent and admissible. *See id.* at 1289 n.5.  When a defendant seeks dismissal pursuant to Rule 12(b)(2) in its initial response to the complaint, the plaintiff need only demonstrate a *prima facie* showing that personal jurisdiction exists.  *Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir. 1995).  A *prima facie* showing in this regard means the plaintiff has set forth evidence or allegations that, if believed, would be sufficient to justify the exercise of personal jurisdiction.  *Cross v. Kloster Cruise Lines, Ltd.,* 897 F.Supp. 1304, 1309-10 (D. Or. 1995).  Moreover, when dismissal is sought as an initial response to the complaint, all pleadings and declarations must be construed in the plaintiff's favor given that no opportunity has been given to test the veracity of the

defendant's evidence. *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.,* 907 F.2d 911, 912 (9th Cir. 1990); *Data Disc, Inc.,* 557 F.2d at 1285.

A variety of non-resident defendants have unsuccessfully challenged the exercise of personal jurisdiction in cases brought by Righthaven. This case is no different.  Defendant's request for dismissal under Rule 12(b)(2) should similarly be denied.

**IV.    ARGUMENT**

**A.    The Court Has Subject Matter Jurisdiction Over This Dispute.**

Defendant's attempt to secure dismissal of this action for lack of subject matter jurisdiction is both substantively and procedurally flawed.  For instance, Defendant's dismissal request is based in part on decisions from this District that have in found Righthaven lacked standing under facts that are completely distinguishable from those at issue in this case. Defendant's dismissal request is also devoid of any substantive subject matter jurisdiction analysis based on facts alleged in Righthaven's Amended Complaint. In fact, Defendant's Rule 12(b)(1) challenge amazingly admits that he "***has no way of assessing Righthaven's standing*** based on [the Restated Amendment]" that is at issue under the Amended Complaint.  (Doc. # 25 at 11:24, emphasis added.)

Defendant's excuse for failing to present any substantive analysis as to why subject matter is lacking under the Restated Amendment is because Righthaven has not provided it to him.  (*Id.* at 11:22-23.) Of course, Defendant fails to advise the Court that he has never requested a copy of the Restated Amendment from Righthaven's counsel.  Defendant also ignores the fact that the Restated Amendment is publicly available since it has been filed in numerous cases in this District.  Defendant apparently has the aptitude to find publicly filed documents because he attached a copy of the SAA to his Motion that was not provided by Righthaven.

Whatever Defendant claims to be his excuse for failing to substantively address the perceived shortcomings of the Clarification and the Restated Amendment, he certainly was not under pressure to rush to the courthouse for fear of waiving his right to challenge the existence of subject matter jurisdiction. *See Arbaugh v. Y & H Corp.,*  546 U.S. 500, 506 (2006) (recognizing that challenges to subject matter jurisdiction can be raised at any time – even for this first time on

appeal).  Given these circumstances, Defendant's Rule 12(b)(1) request for dismissal represents a hastily executed plan designed to secure dismissal by relying upon recent decisions from this District that dismissed certain Righthaven cases for lack of standing based jurisdictional facts different from those before this Court.  As argued below, Righthaven asserts that it has standing despite Defendant's ill-conceived request for dismissal under Rule 12(b)(1).

> **1.   Unlike other decisions from this District, the Court must analyze Righthaven's standing under the jurisdictional facts alleged in the Amended Complaint.**

Defendant has attempted to cure his apparent inability to present any substantive arguments as to why Righthaven lacks standing under the terms of the Clarification and/or the Restated Amendment by asserting the Court's subject matter jurisdiction analysis must be limited to the jurisdictional facts present at the time the original complaint was filed.  (Doc. # 25 at 11-12.) Granted, Defendant's "time-of-filing" argument has been applied in this District to dismiss other Righthaven cases for lack of subject matter jurisdiction.[3]  With the exception of the *Hoehn* decision, these cases were limited to the assignments at issue and the original terms of the SAA.  The "time-of-filing" rule, however, is inapplicable to this case because Righthaven filed its Amended Complaint as a matter of right under Rule 15(a)(1).

The distinction between a party filing an amended complaint as a matter of right under Rule 15(a)(1) and a party seeking to do so with leave of court under Rule 15(a)(2) presents an important procedural issue in determining whether a subject matter jurisdiction analysis must only consider the allegations in existence as of the time the complaint was filed or whether the analysis must be based on the allegations contained in an amended complaint.  Under Rule 15(a)(2), "[a] district court is powerless to grant leave to amend when it lacks jurisdiction over

---

[3]  *See Mostofi,* No. 2:10-cv-01066-KJD-GWF (Doc. # 34 at 7, limited to original SAA terms); *Democratic Underground, LLC,* 2011 WL 2378186, at *6 (Doc. # 116 at 8 n.1, limited to original SAA and assignment); *DiBiase,* No. 2:10-cv-01343-RLH-PAL (Doc. # 72 at 2-3, applying *Democratic Underground's* analysis); *Barham,* No. 2:10-cv-02150-RLH-RJJ (Doc. # 20 at 2-3, applying *Democratic Underground's* analysis); *Pahrump Life,* No. 2:10-cv-01575-JCM-PAL (D. Nev. Aug. 12, 2011) (Doc. # 67 at 4-6, dismissing case based on original SAA).

the original complaint."[4]  *Morongo Band of Mission Indians v. California State Bd. of Equalization,* 858 F.2d 1376, 1380 (9th Cir. 1988).  As recognized by the First Circuit:

> But, where . . . a plaintiff amends its complaint as of right [under Rule 15(a)(1)], the Civil Rules operate mechanically, and the judge's authority over the case is not brought to bear.  In that event, the absence of federal subject matter jurisdiction in the original complaint will pose no obstacle to the consideration of the amended complaint.

*ConnectU LLC,* 522 F.3d at 96 (citing *Integrated Tech. & Dev., Inc,* 103 F. Supp. 2d at 579)).

The First Circuit's conclusion is substantially supported by a recent Supreme Court decision in which the Justices unequivocally stated "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction."  *Rockwell Int'l Corp. v. United States,* 549 U.S. 457, 473-74 (2007). The Supreme Court's decision in *Rockwell Int'l Corp.* further explained that jurisdictional manipulation concerns present in removal and diversity cases that have given rise to the "time-of-filing" rule  "simply do not exist" in cases based on federal question jurisdiction. *Id.,* 549 U.S. at 474 n.6; *accord Kabakjian v. United States,* 267 F.3d 208, 212 (3d Cir. 2001) (Recognizing the time-of-filing rule "has been applied only rarely to federal question cases.").  Following the Supreme Court's policy observation, the First Circuit rejected the time-of-filing rule in cases that properly invoke federal question subject matter jurisdiction through the filing of an amended complaint as a matter of right. *ConnectU LLC,* 522 F.3d at 94, 96.

Here, Righthaven's Amended Complaint was filed pursuant to Rule 15(a)(1).  (Doc. # 21.)  No Court authorization was required for it to do so. While the Defendant may try to characterize Righthaven's operative pleading as a supplemental complaint for which leave to amend was required, he would be wrong. Typically, an amended complaint contains matters that have taken place prior to the date of pleading. *See* 6 Charles Alan Wright, Arthur R. Miller &

---

[4]  It is important to note that even if subject matter jurisdiction is required to grant leave to amend, case law demonstrates that sufficient allegations may exist under an earlier pleading so that a court may constitutionally exercise jurisdiction even though it does not secure solid jurisdictional footing until a later point in the proceedings.  *See ConnectU LLC,* 522 F.3d at 95; *accord Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 837 (1989) (involving dropping a party).

Mary Kay Kane, *Federal Practice and Procedure* § 1473 (Supp. 2007).  Righthaven's Amended Complaint did just this by amplifying the factual basis for exercising specific personal jurisdiction over the Defendant, which further strengthened its infringement claims through incorporation of these amplified facts. (Doc. # 21 at 2-7.)  These pre-filing factual allegations include reference to the SAA, which was entered into long before this action was commenced. (*Id.* at 5.)  The Amended Complaint added further support to Righthaven's jurisdictional and infringement allegations by attaching new exhibits such as the Website "Rules," which unquestionably existed before this case was filed.  (*Id.*, Ex. 1A-2A.)  Given the presence of numerous pre-filing facts and evidence, the \inclusion of more detailed ownership allegations that specifically reference amendments to the SAA does not transform Righthaven's Amended Complaint into a supplemental one.

In sum, Righthaven properly exercised its right to file the Amended Complaint pursuant to Rule 15(a)(1).  The filing of the Amended Complaint did not require Court authorization.  As such, the Court's subject matter jurisdiction to act was implicated.  Thus, contrary to the Defendant's reliance on the "time-of-filing" rule, the Court's subject matter analysis must be based on the allegations contained in the Amended Complaint, which includes the Clarification and the Restated Amendment. *See ConnectU LLC,* 522 F.3d at 95-96. As noted earlier, no court has decided Righthaven's standing to sue under the jurisdictional record presented to this Court. Righthaven asserts that is has standing under these untested jurisdictional facts.

### 2. Defendant's Rule 12(b)(1) dismissal request should be deemed a facial attack that challenges the sufficiency of the Amended Complaint's subject matter allegations.

In support of his request for dismissal pursuant to Rule 12(b)(1), Defendant has attached the original SAA, the copyright registration for the Work and several decisions from this District that have dismissed certain Righthaven cases for lack of standing given the original terms of the SAA. (Doc. # 25.)  These materials simply cannot be construed to constitute material extrinsic evidence so that Defendant's dismissal request is magically transformed into a Rule 12(b)(1) factual attack.  As noted earlier, a factual attack under Rule 12(b)(1) must be based on extrinsic evidence significantly separate from the challenged pleading.  *See Gould Elecs. Inc.,* 220 F.3d at

176; *Holt,* 46 F.3d at 1002-03. Defendant's request for dismissal must be construed as a facial attack under Rule 12(b)(1) given that he has failed to submit any evidence that is factually and materially distinct from the allegations set forth in the Amended Complaint.

To begin with, the SAA is publicly available and is substantively referenced in the Amended Complaint.  (Doc. # 21 at 5.)  The SAA's terms have also been extensively discussed in several publicly available standing decisions from this District.  In fact, Defendant has attached copies of these decisions rather than simply citing to them in his Motion. Attaching a copy of a publicly available decision from the same court that issued it certainly does not constitute extrinsic evidence.

Furthermore, these decisions are also readily distinguishable because they involve standing determinations based on the original SAA.  The Amended Complaint in this case contains jurisdictional facts not considered in the submitted decisions. For example, the Amended Complaint contains specific allegations concerning the Clarification and the Restated Amendment.  (Doc. # 21 at 5-6.)  The Clarification has only been addressed in a potentially advisory manner in *Hoehn*. *See Hoehn,* Case No. 2:11-cv-00050-PMP-RJJ (Doc. # 28 at 10). The Restated Amendment has never been addressed in this District.  Simply put, Defendant's submission of the SAA and the related, publicly available standing decisions do not constitute extrinsic evidence that is so separate and apart from the allegations of the Amended Complaint it justifies converting his dismissal request into a factual attack under Rule 12(b)(1). *See Gould Elecs. Inc.,* 220 F.3d at 176; *Holt,* 46 F.3d at 1002-03.  To do so would require a completely unwarranted interpretation of extrinsic evidence under Rule 12(b)(1).

Substantively, Defendant's dismissal request also demonstrates that it should be construed as a Rule 12(b)(1) facial attack.  Defendant's dismissal request contains absolutely no analysis whatsoever as to why subject matter jurisdiction is lacking over this case in view of the Clarification and/or the Restated Amendment.  Instead, Defendant submits a copy of the original SAA, which hardly constitutes extrinsic evidence under Rule 12(b)(1) – particularly given that he has also submitted decisions interpreting the original SAA's terms.  Given these glaring shortcomings of Defendant's submission, his request to dismiss this case for a lack of subject

matter jurisdiction must be construed as a facial attack under Rule 12(b)(1).[5] Righthaven's

Amended Complaint unquestionably set forth sufficient facts to invoke the subject matter

jurisdiction of this Court under the standards applicable to such an attack.   Accordingly,

Defendant's Rule 12(b)(1) dismissal request must be denied.

### 3. Righthaven's Amended Complaint alleged more than sufficient facts to survive Defendant's Rule 12(b)(1) facial attack.

As argued above, Defendant's dismissal request must be construed as a Rule 12(b)(1)

facial attack given that he has not submitted extrinsic evidence that is sufficiently removed from

the factual allegations of the Amended Complaint. *See Gould Elecs. Inc.,* 220 F.3d at 176; *Holt,*

46 F.3d at 1002-03. Defendant has also failed present any substantive analysis or arguments as to

why Righthaven lacks standing to maintain this action under the Clarification and/or the Restated

Amendment.   Defendant's dismissal request must be denied under the standards applicable to a

Rule 12(b)(1) facial attack.

As noted earlier in this response, a Rule 12(b)(1) facial attack challenges the sufficiency

of the complaint's allegations that seek to invoke federal subject matter jurisdiction. *Montez,* 392

F.3d at 149-50; *Warren,* 328 F.3d at 1139; *Morrison,* 323 F.3d at 924 n. 5; *Li,* 482 F. Supp. 2d at

1175.   Under a facial attack, the Court must accept as true all well-pleaded facts and draw all

reasonable inferences in favor of the non-moving party.   *See Association of Am. Med. Coll.,* 217

F.3d at 778-79.   "Federal district courts have subject-matter jurisdiction over copyright

infringement actions based on 28 U.S.C. §§ 1331 and 1338 . . . ." *Reed Elsevier, Inc. v.*

*Muchnick,* 130 S.Ct. 1237 (2010).   To allege a copyright infringement claim a party must plead:

(1) ownership of a valid copyright; and (2) the defendant's violation of one or more of the

copyright owner's exclusive rights set forth under the Copyright Act.   *Ellison,* 357 F.3d at 1077;

*see also Feist Publ'ns, Inc.,* 499 U.S. at 361.

---

[5]  Defendant relies extensively on the terms of the SAA, which the Amended Complaint
expressly states the parties have amended. (Doc. # 25 at 12-13; Doc. # 21 at 5-7.)  As mentioned,
Defendant's submission of the SAA hardly constitutes extrinsic evidence outside of the
Amended Complaint to qualify his dismissal request as non-facial attack under Rule 12(b)(1).

Pursuant to Section 501(b) of the Copyright Act, only "the legal or beneficial owner of an exclusive right under a copyright" is entitled to sue for infringement. *Silvers*, 402 F.3d at 884. Section 106 of the Act, in turn, defines the exclusive rights that can be held in a copyright (*e.g.,* the right to reproduce, to prepare derivative works, and to distribute copies). Exclusive rights in a copyright may be transferred and owned separately—for example, through assignment or an exclusive license - but no exclusive rights exist other than those listed in Section 106. *Silvers*, 402 F.3d at 885. While the right to assert an accrued cause of action for copyright infringement cannot be transferred alone, such a right can be transferred along with one or more of the exclusive rights in a copyright. *See id.* at 890.

In *Silvers*, the Ninth Circuit held that an assignor can transfer the ownership interest in an accrued past infringement, but the assignee has standing to sue only if the interest in the past infringement is expressly included in the assignment and the assignee is also granted ownership of an exclusive right in the copyrighted work. *Id.* at 889-90. In so holding, the panel in *Silvers* aligned Ninth Circuit law with that of the Second Circuit as set forth in *ABKCO Music, Inc. v. Harrisongs Music, Ltd.,* 944 F.2d 971, 980 (2d Cir. 1991), which recognized the right to sue for past infringement when both the copyright and the accrued claims were purchased. *Silvers,* 402 F.3d at 889.

With these principles in mind, it is clear that Righthaven's Amended Complaint more than adequately invokes federal question subject matter jurisdiction under the Copyright Act. First, Righthaven's Amended Complaint contains the following allegations concerning Stephens Media's assignment of ownership of the Work to Righthaven:

> After the Infringement, Stephens Media assigned all rights, title and interest in and to the Work to Righthaven (the "Assignment"). In addition to conveying full ownership rights in and to the Work, Stephens Media also expressly conveyed to Righthaven in the right to seek redress for all past, present and future infringements of the Work through the Assignment.

(Doc. # 21 at 6.) The above allegations unequivocally satisfy the Ninth Circuit's requirements under *Silvers* to confer Righthaven standing to maintain this action because the Assignment "conveys full ownership rights in and to the Work . . ." along with expressly conveying "the right

to seek redress for all past, present and future infringements of the Work . . . ." *See Silvers,* 402 F.3d at 889-90.  This conclusion has been confirmed by several decisions from this District that have found that, standing alone, the express language of Righthaven's copyright assignments comply with the Ninth Circuits requirements under *Sivlers.*[6]  *See Righthaven LLC v. Majorwager.com, Inc.,* 2010 WL 4386499, at *2 (D. Nev. Oct. 28, 2010); *Righthaven LLC v. Dr. Shezad Malik Law Firm P.C.,* 2010 WL 3522372, at *2 (D. Nev. Sept. 2, 2010); *see also Righthaven LLC v. Vote For The Worst, LLC,* Case No. 2:10-cv-01045-KJD-GWF (D. Nev. March 30, 2011).

The Amended Complaint further alleges that Righthaven and Stephens Media entered into the SAA and subsequently amended the agreement through the Clarification and the Restated Amendment. (Doc. # 21 at 5-6.)  With regard to the Restated Amendment, the Amended Complaint alleges the following:

> On July 7, 2011, Stephens Media and Righthaven entered into an Amended and Restated Strategic Alliance Agreement (the "Restated Amendment") to further clarify the parties' intentions regarding copyright assignments to Righthaven, and to, among other things, grant Stephens non-exclusive license to exploit the Work, with a possibility that such non-exclusive license would terminate after five (5) years upon the voluntary election of an optional reversion.  The Restated Amendment is retroactive to the effective date of the SAA.  The Restated Amendment has sought to clarify, correct, amend and/or address issues identified in judicial decisions from this District, which certain Righthaven copyright infringement actions without prejudice for lack of standing.

(*Id.*) The foregoing allegations allege that Stephens Media holds a non-exclusive license to exploit the Work under the Restated Amendment that cannot be terminated for five years.  As a non-exclusive licensee, Stephens Media cannot sue for infringement of the Work.  *See Davis v. Blige,* 505 F.3d 90, 101 (2d Cir. 2007) (a non-exclusive licensee may not sue others for

---

[6]   As noted in a recent decision issued after the dismissal of Righthaven's complaint in *Democratic Underground* for lack of standing based on an analysis of the assignment at issue in view of the contractual provisions of the SAA, "the extent of the assignment is generally best determined through the discovery process." *Righthaven LLC v. Virginia Citizens Defense League, Inc.,* Case No. 2:10-cv-01683-GMN-PAL (D. Nev. June 23, 2011) (Doc. # 26 at 13:3-4,13:14-17, holding that Righthaven's infringement complaint sufficiently established standing under the Copyright Act based on the pleading requirements of Federal Rule of Civil Procedure 8(a)).

infringement); *I.A.E., Inc. v. Shaver,* 74 F.3d 768, 775 (7th Cir. 1996) ("[A] person holding a nonexclusive license has no standing to sue for copyright infringement."). In contrast to Stephens Media's inability to sue for infringement, Righthaven is clearly vested with such authority because it acquired ownership of the Work along with the right to sue for past, present and future infringements under the plain language of the Assignment. *See* 17 U.S.C. § 101; 17 U.S.C. § 501(b).

The above referenced allegations of the Amended Complaint satisfy Righthaven's obligation to plead ownership of the Work and the company's right to sue for past, present and future infringements as required by *Silvers.*  (*Id.* at 5-6.)  The Amended Complaint's allegations concerning the Clarification and the Restated Amendment only solidify Righthaven's ownership of the Work and the company's standing to maintain this action.  (*Id.*)  These allegations must be accepted as true given that Defendant's Rule 12(b)(1) dismissal request constitutes a facial attack. *See Association of Am. Med. Coll.,* 217 F.3d at 778-79.

Defendant attempts to divert the Court's attention away from his failure to assert any material arguments as to why Righthaven lacks standing under the Clarification or the Restated Amendment by claiming "Righthaven has not provided [him] with a copy of the Restated Amendment to the SAA that it claims to have executed with Stephens Media on July 7, 2011." (Doc. # 25 at 11:22-23.)  In addition to his previously referenced omissions, Defendant further neglects to mention that neither initial disclosures nor discovery has commenced because he requested this case be dismissed through his first appearance. [7]

Defendant's attempt to justify his inability to substantively analyze the Clarification or the Restated Amendment by placing blame on Righthaven's failure to produce copies of these documents, while he has taken the effort to locate and attach a copy of the SAA that was not obtained from Righthaven, is a stroke of comical absurdity.  In fact, a fairly reasonable

---

[7]  As noted by Judge Navarro in denying a Rule 12(b)(1) dismissal request, a substantive challenge to the effectiveness of an assignment of rights to Righthaven could be presented through a request for summary judgment after discovery has been conducted. *Righthaven LLC v. Virginia Citizens Defense League, Inc.,* No. 2:10-cv-01683-GMN-PAL (D. Nev. June 23, 2011) (Doc. # 26 at 13:10-13).

interpretation of the circumstances supports an interference that the Defendant is seeking to place the burden of substantively analyzing and justifying standing under these contractual amendments upon Righthaven, while obtaining the benefit of getting in the last word through his reply brief by dissecting Righthaven's analysis.  If true, this would constitute an impermissible form of procedural sandbagging. *See Lujan,* 497 U.S. at 894-95 (recognizing the court has discretion to disregard late-filed factual matters); *Ojo v. Farmers Group, Inc.,* 565 F.3d 1175, 1186 n. 12 (9th Cir. 2009); *Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007) (the "district court need not consider arguments raised for the first time in a reply brief").

Whether or not Defendant has attempted to engage in some ploy designed to make Righthaven bear the burden of establishing its ownership under either the Clarification or the Restated Amendment, these observations should in no way be construed that Righthaven is afraid to substantively engage in such an analysis.  If Defendant wishes to substantively examine these contractual amendments and articulate a basis for concluding that Righthaven lacks standing under the amendments' terms, then he should withdraw his Rule 12(b)(1) dismissal request and Righthaven will immediately produce copies of the Clarification and the Restated Amendment to him.  If after reviewing the Clarification and the Restated Amendment the Defendant determines that dismissal is appropriate, he can submit a filing that contains material arguments and analysis to which Righthaven can respond.

Absent providing the Court with arguments based upon the materials it is required to consider, the subject matter jurisdiction analysis must be limited to the sufficiency of the allegations contained in the Amended Complaint.  Righthaven's Amended Complaint unquestionably set forth sufficient facts to invoke federal question subject matter jurisdiction. *See Ellison,* 357 F.3d at 1077; *see also Feist Publ'ns, Inc.,* 499 U.S. at 361. Accordingly, Defendant's request for dismissal under Rule 12(b)(1) must be denied.

### 3. Defendant's claim that subject matter jurisdiction cannot exist because the Copyright Act does not apply to extraterritorial infringements must be rejected given the allegations of the Amended Complaint.

In what can only be described as a novel attempt at convincing the Court it lacks subject matter jurisdiction because the he resides in England, Defendant next argues that any alleged

infringement occurred outside of the United States.  (Doc. # 25 at 13-14.)  According to the Defendant, since no acts of infringement occurred within the United States, the Court lacks jurisdiction over this action.  (*Id.*)

To begin with, in order to accept Defendant's contention that any alleged infringing acts occurred exclusively outside of the United States, the Court would have to swallow his uncontested supporting statements hook, line and sinker.  For instance, the Court would have to accept the Defendant's claim that the infringement was confined to the Company's office in England where the Website is purportedly controlled.  (*Id.* at 14:18-19, citing Newman Decl. ¶ 7.)  Likewise, Defendant self-servingly asserts that "[n]one of the servers supporting the website are located in Nevada." (*Id.* at 14:22, citing Newman Decl. ¶ 17.)  Defendant's statement, even if accepted as true despite having not been subject to examination by Righthaven, only establishes that the Website servers are not located in a single state within the United States of America, which is comprised of 49 additional states (not to mention territories) where the servers could be subject to the enforcement provisions of the Copyright Act.  Of course, Righthaven has conducted absolutely no discovery concerning any of these self-serving claims by the Defendant.

Defendant's argument also ignores the fundamental nature of the copyright infringement allegations asserted in the Amended Complaint.  Righthaven is not asserting infringement claims that are claimed to have exclusively occurred abroad that only have produced a harmful effect in this jurisdiction.  Rather, Righthaven's Amended Complaint clearly alleges the Defendant willfully misappropriated copyright protected content from the *Las Vegas Review-Journal* that involves events occurring at a Las Vegas-based hotel. (Doc. # 21 at 4-7.)  It is also alleged the Defendant knew the misappropriated content emanated from this forum. Given these allegations, adopting Defendant's skewed interpretation of the Copyright Act's jurisdictional confinement would immunize willful foreign infringers from liability for stealing copyright protected content as long as they employed servers strategically placed just beyond the geographical boarders of the United States.

In sum, there is simply no reliable factual record upon which the Court could justify dismissing the Amended Complaint on the grounds requested by the Defendant because he has

not been subjected to cross-examination or any other forms of discovery authorized under the Federal Rules of Civil Procedure.   Moreover, the allegations of the Amended Complaint clearly demonstrate that the alleged infringement is not claimed to have occurred outside of the United States with only some harmful effects occurring within this forum.  Rather, the Amended Complaint details the willful misappropriation of content concerning forum-related subject matter from a major forum-based media company by a Defendant alleged to having willfully done so with full knowledge of these facts. Accordingly, the Court must deny Defendant's extraterritorial claim that this Court lacks jurisdiction over the subject matter alleged in the Amended Complaint.

> **B.**     **The Court Has Personal Jurisdiction Over The Defendant.**

> > **1.**    **Contrary to Defendant's contention, he is subject to personal jurisdiction despite his ownership interest in the co-defendant company.**

In what appears to be another example of Defendant's hastily conceived attempt secure dismissal of this action, his lack of personal jurisdiction arguments begin with a contention that he is shielded from personal liability based on his ownership interest in the Company without the Amended Complaint containing alter ego allegations.  (Doc. # 25 at 15-16.)  In advancing this argument, the Defendant appears to be requesting that he be dismissed for the failure to state a claim against him under Federal Rule of Civil Procedure 12(b)(6) while concurrently proclaiming the Court lacks jurisdiction over him in an apparent attempt at invoking the fiduciary shield doctrine.  Regardless of the specific nature of the dismissal request Defendant is attempting to assert, it still fails given the allegations of the Amended Complaint.

As a threshold matter, Righthaven's Amended Complaint asserts infringement claims under the Copyright Act – not under English law. An officer or director who participates in direct or contributory copyright infringement can be held personally liable, jointly and severally, with a corporate defendant.  *See Columbia Pictures Indus., Inc. v. Redd Horne, Inc.,* 749 F.2d 154,160  (3d Cir. 1984); *Samet & Wells, Inc. v. Shalom Toy Co.,* 429 F. Supp. 895, 903-04 (E.D.N.Y. 1977).  Secondly, Righthaven's Amended Complaint specifically asserts claims against the Defendant in his individual capacity and further asserts claims against the Company.

(Doc. # 21 at 2-3, 5-7.)  These allegations claim the Defendant and/or the Company committed direct and contributory infringement.  (*Id.*)  Defendant is also alleged to have willfully infringed the Work.  (*Id.*)

While Righthaven has not been able to conduct discovery in this case given its procedural posture, and such discovery may justify alter ego allegations directed at the Company, the Amended Complaint sufficiently alleges the Defendant's potential personal liability despite his attempt to hide behind the Company's corporate charter.  Accordingly, Defendant's contention that he can only be personally liable if the Company's corporate veil is pierced must be rejected.

### 2. The Defendant is subject to specific personal jurisdiction.

In requesting dismissal pursuant to Rule 12(b)(2), Defendant contends the Court cannot properly exercise either general or specific personal jurisdiction over him.  (Doc. # 25 at 16-24.) Given the absence of any discovery in this case, Righthaven must concede that it simply is unable to justify the of exercise general personal jurisdiction over the Defendant.

This concession, however, should not come as a surprise given that Righthaven has secured numerous decisions from this District that have exercised specific personal jurisdiction over non-resident defendants accused of willfully infringing copyright protected content "originated by the forum state's largest local newspaper publisher . . ." concerning forum-related subject matter of interest to people and businesses within the State of Nevada.  *Majorwager.com, Inc.,* 2010 WL4386499, at *4 (exercising specific personal jurisdiction over Canadian defendant); *Dr. Shezad Malik Law Firm P.C.,* 2010 WL 3522372.  Righthaven maintains this case is no different. The Court should deny the Defendant's Rule 12(b)(2) dismissal request by finding that he is subject to specific personal jurisdiction in this forum.

In order to exercise specific personal jurisdiction over a non-resident defendant the Court must apply a three-part test: (1) the non-resident defendant must do some act or consummate some transaction within the forum, or perform some act which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking its benefits and protections; (2) the claim asserted against the non-resident defendant must be one that arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be

reasonable. *See Cybersell, Inc. v. Cybersell, Inc.,* 130 F.3d 414, 416 (9th Cir. 1997); *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 381 (9th Cir. 1990). Application of the foregoing test demonstrates the Court has specific personal jurisdiction over the Defendant.

> **a)** **The first prong of the specific jurisdictional analysis is satisfied based on the Defendant's willful infringement of material known to emanate from this state.**

Under the first, purposeful availment, prong of the specific jurisdictional analysis, the Ninth Circuit has held that the defendant must have allegedly: (1) committed an intentional action; (2) aimed at the forum state; and (3) which causes harm that the defendant knows is likely to be suffered in the forum state. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 803 (9th Cir. 2004). The Ninth Circuit has expressly held that willful copyright infringers who reproduce content from a source known to exist in the forum purposefully avail themselves of jurisdiction within said forum. *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997) ("*Columbia*"). Specifically, the *Columbia* panel held that the ***purposeful availment inquiry ends*** in copyright infringement cases where the defendant "willfully infringed copyrights owned by [the plaintiff], which, as [the defendant] knew had its principal place of business in the [forum jurisdiction]." *Id.* The holding in *Columbia* is dispositive of the purposeful availment analysis and has been expressly followed in two recent Righthaven cases. *See Virginia Citizens Defense League, Inc.,* Case No. 2:10-cv-01683-GMN-PAL (Doc. # 26 at 5-6) (finding allegations of willful infringement of content known to emanate from an owner with its principal place of business in the forum alone satisfies the purposeful availment prong); *Righthaven LLC v. South Coast Partners, Inc.,* 2011 WL 534046, at *4 (D. Nev. Feb. 8, 2011) (finding purposeful availment prong satisfied through willful infringement of content known to have been owned by forum located business).

Courts in this District have held that content appearing in the *Las Vegas Review-Journal* is published and distributed in Las Vegas, Nevada by the party that is alleged to have assigned its rights in the Work to Righthaven. *See, e.g., Virginia Citizens Defense League, Inc.,* No. 2:10-cv-01683-GMN-PAL (Doc. # 26 at 6); *South Coast Partners, Inc.,* 2011 WL 534046, at *4; *Vote For The Worst, LLC, et al.,* No. 2:10-cv-01045-KJD-GWF  (Doc. # 28 at 4); *Mostofi,* No. 2:10-

cv-01066-KJD-GWF (Doc. # 19 at 3); *Majorwager.com, Inc.,* 2010 WL 4386499, at *3; *Dr. Shezad Malik Law Firm P.C.,* 2010 WL 3522372, at *1.  The *Las Vegas Review-Journal* unquestionably published the Work in this case. (Doc. # 21 at 4; Doc. # 1-1, Ex. 1.) To the extent the Defendant was somehow unaware of this fact, such knowledge is properly imputed to him. *See Majorwager.com, Inc.,* 2010 WL 4386499, at *3; *accord Virginia Citizens Defense League, Inc.,* No. 2:10-cv-01683-GMN-PAL (Doc. # 26 at 6).  Moreover, the Work's subject matter specifically relates to an architectural phenomena occurring at a prominent Las Vegas hotel. (Doc. # 21 at 4.)   The foregoing facts, coupled with Righthaven's allegations that Defendant willfully infringed its rights in and to the Work are dispositive of the first prong under the Ninth Circuit's specific jurisdictional analysis.

> **b)   The second prong of the specific jurisdictional analysis is satisfied because Righthaven's claims arise out of the Defendant's forum-related activity.**

The second prong of the Ninth Circuit's specific jurisdictional analysis examines whether the plaintiff's claim arises out of the defendant's forum-related activity. *See Schwarzenegger,* 374 F.3d at 803.  The basis for Righthaven's copyright infringement claim in this case is substantively identical to those found to satisfy this analysis prong in cases other cases within this District. *See, e.g., South Coast Partners, Inc.,* 2011 WL 534046, at *4; *Dr. Shezad Malik Law Firm P.C.,* 2010 WL 3522372, at *1; *Majorwager.com, Inc.,* 2010 WL 4386499, at *3. Accordingly, the facts before the Court support a finding that Righthaven's claims in this action also arise out of the Defendant's forum-related activity.

Specifically, Righthaven contends, at least under its direct infringement claim, the Defendant misappropriated the Work from the *Las Vegas Review-Journal* and posted it on the Website for which he exercises substantial editorial control, is the administrative and technical contact, and was the registrant until the Company assumed this position after the original Complaint was filed. (Doc. # 21 at 2-4.) As stated by Judge Navarro in the *Magerwager.com, Inc.* decision, the second prong of the Ninth Circuit's analysis "is easily satisfied as Plaintiff's claim, that Defendant allegedly infringed the copyrighted material, arose from the publication of the article in the state of Nevada . . . ." *Majorwager.com, Inc.,* 2010 WL 4386499, at *3; *accord*

*South Coast Partners, Inc.,* 2011 WL 534046, at *4; *Dr. Shezad Malik Law Firm P.C.,* 2010 WL 3522372, at *1.  This reasoning was most recently echoed in another Righthaven opinion from this District where specific personal jurisdiction was exercised over a non-resident defendant. *See Virginia Citizens Defense League, Inc.,* No. 2:10-cv-01683-GMN-PAL (Doc. # 26 at 6).

Defendant has offered no compelling facts or circumstances to deviate from this reasoning or from the reasoning of other members of this Court in examining the second prong of the Ninth Circuit's specific jurisdictional analysis.  Accordingly, this prong weighs in favor of this Court exercising specific personal jurisdiction over the Defendant.

> **c)  Exercising specific personal jurisdiction over the Defendant is reasonable, thereby satisfying the Ninth Circuit's third analysis prong.**

Finally, the exercise of specific personal jurisdiction over the Defendant in this case satisfies the third prong of the Ninth Circuit's test in that doing so would be reasonable.  *See Columbia Pictures Television,* 106 F.3d at 289.  "'[T]here is a presumption of reasonableness upon a showing that the defendant purposefully directed his action at forum residents which the defendant bears the burden of overcoming by presenting a compelling case that jurisdiction would be unreasonable.'"  *Id.* (quoting *Haisten v. Grass Valley Med. Reimbursement,* 784 F.2d 1392, 1397 (9th Cir. 1986))*; see also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985) (noting that once the plaintiff has established the first two requirements for specific jurisdiction, the burden shifts to the defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.").  Righthaven is certainly entitled to such a presumption given the facts and allegations before the Court. *See Virginia Citizens Defense League, Inc.,* No. 2:10-cv-01683-GMN-PAL (Doc. # 26 at 8) (finding the third prong satisfied by affording Righthaven a presumption of reasonableness).

Absent affording Righthaven such a presumption, the Court must consider the following factors in determining whether the exercise of specific personal jurisdiction would be unreasonable: (1) the extent of the defendant's purposeful interjection into the forum state; (2) the burden on the defendant in defending the suit in the forum state; (3) the extent of conflict with the sovereignty of the defendant's forum state; (4) the forum state's interest in adjudicating

the dispute; (5) the most efficient and convenient forum for adjudicating the dispute; (6) the importance of the chosen forum to the plaintiff's interest in obtaining convenient and effective relief; and (7) the existence of an alternative forum. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1088 (9th Cir. 2000); *Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.,* 1 F.3d 848, 851 (9th Cir. 1993). Defendant fails to present a compelling case of unreasonableness under these factors, thereby further supporting the exercise of specific personal jurisdiction over him.

Turning to the first factor, the Defendant's purposeful interjection into the forum state parallels the question of minimum contacts, which Righthaven has demonstrated supports the exercise of specific jurisdiction. *See Sinatra v. National Enquirer, Inc.,* 854 F.2d 1191, 1199 (9th Cir. 1988). While the Defendant contends otherwise, the allegations before the Court clearly demonstrate meritorious copyright infringement claims involving a literary work generated by the "forum state's largest local newspaper publisher written about . . ." a topic involving Las Vegas, Nevada. *See Majorwager.com, Inc.,* 2010 WL 4386499, at *4. Furthermore, the infringing copy of the Work clearly referenced events specific to this forum and the *Las Vegas Review-Journal* was clearly indicated as the source publication. (Doc. # 21 at 4-5; Doc. # 1-1, Exs. 1-2.) The Defendant is also alleged to maintain technical, administrative, and editorial control of the Website's content. (Doc. # 21 at 2-3, Ex. 1A.) In fact, the Website "Rules" sternly advise the forums contained on it are the Defendant's and he has authority to ban anyone for any reason. (*Id.*, Ex. 2A.) These facts clearly support a finding of reasonableness under the purposeful interjection factor.

The second factor, the burden on the defendant in defending the action in the forum state, also establishes reasonableness of exercising specific personal jurisdiction in this case. *Bancroft & Masters, Inc.,* 223 F.3d at 1088. While Righthaven acknowledges that Defendant would be burdened by defending in this forum given that he is a citizen and resident of Great Britain (Doc. # 25 at 4, 21-22), any such burden does not automatically render the exercise of specific personal jurisdiction unreasonable. Rather, the Court's determination of reasonableness must evaluate all required factors under its specific personal jurisdiction analysis. *See Majorwager.com, Inc.,* 2010

WL 4386499, at *4.  In fact, one member of this Court has exercised specific personal jurisdiction over a foreign citizen in a Righthaven copyright infringement case.  *Id.* (exercising specific personal jurisdiction over a Canadian defendant).  Moreover, as a practical matter, any undue burden experienced by the Defendant can be readily mitigated through the use of video conferenced and real time transcribed depositions, as well as the use of other available means to almost eliminate the need for Defendant's to physically travel to this forum during this case.  In fact, as the party seeking to establish its copyright infringement claims on multiple theories, Righthaven likely would be required to travel to the Defendant's country to conduct necessary discovery.  Accordingly, while this factor does indicate the Defendant would be burdened somewhat in defending in this forum, this burden is not unreasonable.

The third reasonableness factor considers the extent of conflict with the sovereignty of the defendant's state.  *See Bancroft & Masters, Inc.,* 223 F.3d at 1088; *Amoco Egypt Oil Co.,* 1 F.3d at 851.  Defendant offers absolutely no meaningful analysis as to the existence of any conflicts or material sovereignty concerns in his discussion of this factor.  (Doc. # 25 at 22:6-14.)  As such, Defendant has unquestionably failed to present a compelling case for unreasonableness under the third analysis factor.  *See Columbia Pictures Television,* 106 F.3d at 289; *see also Burger King Corp.,* 471 U.S. at 477.  Accordingly, the Court should conclude this factor supports the exercise of specific personal jurisdiction over the Defendant.

Likewise, Defendant presents no meaningful argument with regard to the fourth reasonableness factor, which considers the forum state's interest in adjudicating the dispute, beyond rehashing his standing attack, mockingly referring to Righthaven as a worldwide regulator of free speech, and even attacking this Court's own authority to adjudicate internet-related disputes (Doc. # 25 at 22:15-23.).  *See Bancroft & Masters, Inc.,* 223 F.3d at 1088; *Amoco Egypt Oil Co.,* 1 F.3d at 851.  Once again, Defendant has failed to present a compelling case for unreasonableness under this factor. *See Columbia Pictures Television,* 106 F.3d at 289; *see also Burger King Corp.,* 471 U.S. at 477.  This fact alone supports the conclusion that specific personal jurisdiction can be exercised over the Defendant.

Defendant's analysis under the fourth reasonableness factor additionally ignores other decisions from this District in Righthaven cases that have concluded this forum has a significant interest in adjudicating cases like this one. As noted by Judge Navarro, "the forum state has an interest in adjudicating an infringement upon a news article originated by the forum state's largest local newspaper publisher . . . ." *Majorwager.com, Inc.,* 2010 WL 4386499, at *4, *accord Virginia Citizens Defense League, Inc.,* No. 2:10-cv-01683-GMN-PAL (Doc. # 26 at 7). The forum state's interest in this regard further encompasses the subscribers of the *Las Vegas Review-Journal* who primarily reside in the state along with local Nevada businesses that advertise with the publisher from whom the content at issue was allegedly misappropriated. *See Majorwager.com, Inc.,* 2010 WL 4386499, at *4. The fact that Stephens Media assigned ownership and, among other things, the right to sue for past infringement to Righthaven does not alter these facts. Moreover, the forum state also has an interest in adjudicating the rights of a plaintiff that is a Nevada limited-liability company that maintains its principal place of business within the forum. Accordingly, the fourth reasonableness factor clearly supports exercising specific personal jurisdiction over the Defendant.

The fifth reasonableness factor additionally supports the Court exercising specific personal jurisdiction over the Defendant. This factor considers the most efficient resolution of the dispute. *See Bancroft & Masters, Inc.,* 223 F.3d at 1088; *Amoco Egypt Oil Co.,* 1 F.3d at 851. Defendant's arguments in support of this factor simply set forth completely unpersuasive assertions that because the Website it owned by a British company and its offices are located in England, "the witnesses and evidence ***are likely to be located in England***." (Doc. # 25 at 22:24-28, emphasis added.) This argument clearly fails to demonstrate a compelling case for unreasonableness under the fifth specific jurisdiction analysis factor. *See Columbia Pictures Television,* 106 F.3d at 289; *see also Burger King Corp.,* 471 U.S. at 477.

The cursory nature of Defendant's unreasonableness arguments under the fifth analysis factor is readily apparent through a complete disregard of the facts at issue in this case. This case involves the infringement of a Work originally published in this forum by a news media company located in the forum that assigned ownership and related enforcement rights in and to

the Work to a Nevada limited-liability company that has its principal place of business in this forum.  Moreover, given the that a considerable number of copyright infringement actions are pending in or have been adjudicated in this District, which involve or have involved defendants from numerous different states, the interstate judicial system benefits from resolving these matters in the same forum.  *See Majorwager.com, Inc.,* 2010 WL 4386499, at *4.  Accordingly, the fifth reasonableness factor clearly supports the exercise of specific personal jurisdiction the Defendant.

The sixth factor considers the plaintiff's interest in obtaining convenient and effective relief within this forum. *See Bancroft & Masters, Inc.,* 223 F.3d at 1088; *Amoco Egypt Oil Co.,* 1 F.3d at 851. Despite having the burden of setting forth a compelling case for unreasonableness, the Defendant merely argues that "Righthaven has not shown that the claim cannot be effectively remedied in England.  (Doc. # 25 at 23:1-5.)  While Righthaven disputes its requirement to make such showing, it certainly has more than an ample basis establish that it has an interest in obtaining convenient and effective relief in this forum.  The Amended Complaint clearly alleges the infringement occurred from a source within this forum, Righthaven has litigated numerous copyright actions involving non-resident defendants in this forum, and it was assigned ownership of the Work from a company located within this forum. (Doc. # 21 at 4-6.)  These facts and circumstances, which have no relation to England, clearly satisfy the sixth reasonableness factor.

Finally, the seventh reasonableness factor also supports exercising specific personal jurisdiction over the Defendant.  This factor considers the existence of an alternative forum. *See Bancroft & Masters, Inc.,* 223 F.3d at 1088; *Amoco Egypt Oil Co.,* 1 F.3d at 851. It has been determined in this District that even where a potentially available alternative foreign forum may exist to adjudicate Righthaven-related copyright infringement claims "a United States court is better situated to apply and rule on the law . . ." in such actions.  *See Majorwager.com, Inc.,* 2010 WL 4386499, at *5.  This District is unquestionably familiar with and has repeatedly exercised specific personal jurisdiction over non-resident defendants. *See South Coast Partners, Inc.,* 2011 WL 532046, at *4-5; *Majorwager.com, Inc.,* 2010 WL 4386499, at *4-5; *Dr. Shezad Malik Law Firm P.C.,* 2010 WL 3522372, at *1; *Righthaven LLC v. Industrial Wind Action*

27

*Corp.,* 2010 WL 3829411, at *1-2 (D. Nev. Sept. 24, 2000); *see also Virginia Citizens Defense League, Inc.,* No. 2:10-cv-01683-GMN-PAL (Doc. # 26 at 7-8). Accordingly, the seventh reasonableness factor further supports exercising specific personal jurisdiction over the Defendant.

In sum, each and every factor, with the possible exception of the second factor, supports a finding that it would be reasonable to exercise of specific jurisdiction over the Defendant. Thus, Righthaven satisfied all three prongs required by the Ninth Circuit for the Court to properly exercise specific personal jurisdiction over the Defendant. *See Cybersell, Inc.,* 130 F.3d at 416. Accordingly, Defendant's request for dismissal pursuant to Rule 12(b)(2) must be denied.

## V.   CONCLUSION

For the reasons set forth above, Righthaven respectfully requests the Court deny the Motion by finding that it has subject matter jurisdiction over this action, as well as concluding that specific personal jurisdiction can be exercised over the Defendant. Righthaven further asks the Court to grant such other relief as it deems proper.

Dated this 22nd day of August, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano, Esq.
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel.: (702) 304-0432
Fax:  (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on this 22nd day of August, 2011, I caused **PLAINTIFF RIGHTHAVEN LLC'S RESPONSE TO DEFENDANT GARRY NEWMAN'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND LACK OF PERSONAL JURISDICTION** to be served by the Court's CM/ECF system.

By:    /s/ Shawn A. Mangano
        Shawn A. Mangano, Esq.
        SHAWN A. MANGANO, LTD.