KIRK B. LENHARD, Nevada Bar No. 1437
klenhard@bhfs.com
ANTHONY J. DIRAIMONDO, Nevada Bar No. 10875
adiraimondo@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: 702.382.2101
Facsimile: 702.382.8135

STEPHEN J. ZRALEK (*Admitted pro hac vice*)
szralek@bonelaw.com
BONE McALLESTER NORTON PLLC
Nashville City Center
511 Union Street, Suite 1600
Nashville, Tennessee 37219
Telephone: 615.238.6305
Facsimile: 615.687.2763

*Attorneys for Defendant Garry Newman*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>GARRY NEWMAN, an individual; and FACEPUNCH STUDIOS LTD.[1], a limited company formed under the laws of Great Britain,<br><br>   Defendants. | CASE NO.: 2:10-cv-01762-JCM-PAL<br><br>**DEFENDANT GARRY NEWMAN'S REPLY TO RIGHTHAVEN'S RESPONSE TO NEWMAN'S MOTION TO DISMISS THE AMENDED COMPLAINT** |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Garry Newman's ("Newman") Motion to Dismiss (Doc. 25) should be granted because the Response filed by Plaintiff Righthaven LLC ("Righthaven") fails to provide any substantive response to Newman's arguments on lack of subject matter jurisdiction given that the

---

[1] In its First Amended Complaint, Righthaven has added as a defendant Facepunch Studios Ltd., ("Facepunch"), a limited company formed under the laws of Great Britain. Righthaven has not served process on Facepunch, and this Motion to Dismiss is filed solely on behalf of Newman.

15141\1\1581402.1                           1

Copyright Act does not apply extraterritorially and the infringement in this case occurred in England, and because it is misleading in four respects, as discussed below. Further, the Response fails to rebut Newman's arguments regarding lack of personal jurisdiction.

### 1. Righthaven Fails to Show that the Copyright Act Applies Extraterritorially or that any Infringement Occurred in Nevada

It is well settled that "the copyright laws do not apply extraterritorially." <u>Subafilms, Ltd. v. MGM-Pathe Comm's Co.</u>, 24 F3d 1088, 1094 (9th Cir.). In his Motion to Dismiss, Newman cited to several authorities following this holding. <u>See</u> Doc. 25 at pp. 13-14. In its Response, however, Righthaven cited no contrary authority; nor did it critique or distinguish any of the authorities cited by Newman. Rather, Righthaven merely argues that Newman is wrong.

Without citing to any opposing declaration, Righthaven urges the Court to discredit the sworn testimony of Newman that the infringement was confined to Facepunch Studios Ltd.'s offices in England where the website is controlled and that none of the servers supporting the website are located in Nevada. (Doc. 20 at ¶¶ 7, 17.) Without any sworn testimony that contradicts Newman's Declaration, however, the Court must accept Newman's testimony as true. <u>See</u> <u>Theunissen v. Matthews</u>, 935 F.2d 1454, 1458 (6th Cir. 1991) (explaining that "in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction"); <u>accord</u> <u>Government Employees Ins. Co. v. Dizol</u>, 176 F. Supp. 2d 1005, 1014 (D. Haw. 2001). Accordingly, because Righthaven failed to rebut Newman's position on the non-extraterritoriality of the Copyright Act, the Complaint should be dismissed for lack of subject matter jurisdiction.

The Court may end its analysis here, since accepting Newman's position on the non-extraterritoriality of the Copyright Act resolves this entire dispute in favor of Newman.

### 2. Righthaven's Response is Misleading in Four Respects

At least twice already, courts in this District have found Righthaven to have been misleading in its representations to the Court and opposing counsel. First, in <u>Righthaven LLC v. Democratic Underground, LLC</u>, Judge Hunt ordered sanctions against Righthaven after finding it had made "multiple inaccurate and likely dishonest statements to the Court," specifically noting

Righthaven's failure to disclose Stephens Media as an interested party in its certificate of interested parties. 2:10-cv-01356-RLH-GWF, June 14, 2011 Order, at p. 14 (attached hereto as **Exhibit A**[2]), and Transcript from July 14, 2011 Show Cause Hearing, at pp. 14-18 (attached hereto as **Exhibit B**).

Second, when arguing before this Court against Pahrump Life's motion to dismiss, Righthaven informed the Court that "all the other dismissals in the other district courts in this [district] . . . have done it without prejudice because that is what the law is when it's simply an issue of standing and jurisdiction that doesn't reach the merits." Righthaven, LLC v. Pahrump Life, No. 2:10-cv-1575-JCM, Transcript of July 27, 2011 Hearing, at p. 40. (Copy attached hereto as **Exhibit C**). When opposing counsel challenged Righthaven on this point, the Court pressed hard on Righthaven and said: "One thing you don't want to do is mislead a judge." Id. at pp. 59-60. Righthaven back-pedaled and argued that dismissal was without prejudice under Rule 41, but later conceded: "There's nothing as far as I know in any of these opinions that says [dismissal is] with prejudice," Id. at p. 60, to which the Court responded: "You didn't say that before. You said these are dismissals without prejudice. . . ." Id. at p. 61.

Following the above pattern, Righthaven's Response to Newman's Motion to Dismiss in the present case is misleading in four respects, as discussed below.

    **a.    *This Court has Previously Addressed the Restated Amendment, Contrary to Righthaven's Assertions***

In response to Newman's Motion to Dismiss, Righthaven stated: "The Restated Amendment[3] has never been addressed in this District." (Doc. 31 at p. 12, ll. 15-16). Righthaven, which has aggressively filed approximately 200 similar copyright infringement cases in this District and which participated in oral argument with this Court in the Pahrump Life case

---

[2] While the Local Rules provide against attaching copies of legal papers, these attachments (which are not found on Westlaw) are provided merely for the Court's convenience. Both Exhibits A and B were provided to undersigned counsel by Righthaven, pursuant to Judge Hunt's Order that required such action as part of its sanctions against Righthaven. See Ex. B at p. 17.

[3] The "Restated Amendment" is an abbreviation that Righthaven used in its Response to refer to its second amendment/third version of the Strategic Alliance Agreement ("SAA"), allegedly entered into on July 7, 2011. See Doc. 31 at p. 4, l.l. 1-3.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

on July 27, 2011, has actual knowledge that this statement is untrue. During the hearing, the Court repeatedly noted its conclusion that the Restated Amendment contradicts the terms of the original SAA. See **Exhibit B** hereto at pp. 47-57. Thereafter, the Court entered an Order on August 12, 2011, 10 full days before Righthaven responded to the present Motion to Dismiss, to the Response it filed in the present action, in which the court explicitly addressed the Restated Amendment as follows:

> [W]hile Plaintiff attempts to present the restated SAA as simply "restating" the original SAA document, the restated SAA's terms substantially contradict the original SAA and the clarification, as well as the business objectives of the RHOA [Righthaven Operating Agreement]. These contradictions cannot be reconciled with the original complaint. Righthaven cannot cure its lack of ownership at the initiation of this lawsuit by means of a *nunc pro tunc* amendment. *See Bushnell, Inc. v. Brunton Co.*, 659 F. Supp. 2d 1150, 1160-61 (D. Kan. 2009). Defective allegations may be amended, but not defects in the facts themselves.

Pahrump Life, No. 2:10-cv-01575-JCM (Doc. 67) Aug. 12, 2011, at p. 6.

Similarly, in Democratic Underground, Judge Hunt recently issued an order emphasizing his doubts whether a future claim by Righthaven could ever be tenable based on the Restated Amendment:

> The Court is dubious as to whether Righthaven can essentially create standing in the middle of a case so as to either prosecute the case independently or intervene. Further, the Court questions whether Righthaven can even have a legitimate interest under an agreement (no matter the rights purportedly transferred) because Stevens Media and Righthaven's arrangement seems very much like a contingency fee arrangement with an entity unauthorized to practice law.

Democratic Underground, No. 2:10-cv-01356-RLH (Doc. 157), Aug. 24, 2011, at p. 4. Thus, there is no legitimate explanation for why Righthaven would mislead the Court in the instant action that the "Restated Amendment has never been addressed in this District."

//

  **b.**  ***Righthaven's so-called "Amended" Complaint Required Court Permission under Rule 15(d) since it is Actually a Supplemental Pleading, Despite Righthaven's Assertions to the Contrary***

  Righthaven asserts that it filed its "Amended" Complaint as a matter of right. See Doc. 31 at p. 2, l. 10. Righthaven rests the majority of its subject-matter jurisdiction argument on this distinction, insisting that the Court may ignore the facts pled in the original complaint, because it is entitled to the technical advantage that accompanies a Rule 15(a)(1) amendment, in which the amended complaint supercedes and replaces the jurisdictional facts and existences at the time of the original complaint. See id. at lines 11-12 (citations omitted). Righthaven's ability to establish standing in this case hinges on this point because this Court has already found that the SAA attached to the Original Complaint (which is the same SAA governing Righthaven's and Stephens Media's relationship in Pahrump Life and every other case in this District) fails to vest an exclusive copyright in Righthaven, thereby depriving it of standing. See Pahrump Life, No. 2:10-cv-01575-JCM (Order Dismissing Righthaven's Complaint and Denying its Motion to Amend Complaint) Aug 12, 2011 (Doc. 67).

  Righthaven's argument is fatally flawed. It concedes that the "amended" complaint filed against Newman contains allegations of transactions and occurrences that did not take place until July 7, 2011, almost nine months after the Original Complaint it filed against Newman. Pleadings that assert new transactions and occurrences (like entering into the Restated Amendment on July 7, 2011) are the type of pleadings explicitly governed by Rule 15(d). Righthaven's concession that its "Amended Complaint" includes averments based on the Restated Amendment demonstrates that Righthaven is misleading the Court by trying to unfairly create standing where it otherwise would not be allowed to do so without seeking permission for leave to amend (at which point Newman would have made all the same arguments made by defendants and *amici* in Pahrump Life).

  Righthaven is well aware of the language of Fed. R. Civ. P. 15(d) because Newman raised this point in the opening pages of its Motion to Dismiss the Amended Complaint. See Doc. 25 at p. 2 l.l. 7-9. Despite such notice, Righthaven stated in its Response that: "The filing of the Amended Complaint did not require Court authorization." (Doc. 31 at p. 11, l. 13).

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

Rule 15(d) states: "On motion and reasonable notice, the court *may*, *on just terms*, permit a party to serve a supplemental pleading setting out any *transaction*, or *occurrence*, or *event* that happened *after* the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added). Righthaven's action in alleging new facts based on the July 7 Restated Amendment is precisely what is contemplated by Rule 15(d). Yet Righthaven argues that its new allegations regarding the Restated Amendment are inoculated from having to seek permission from the Court because its Amended Complaint also includes additional allegations about facts that occurred prior to filing the original Complaint. See Doc. 31 at p. 11, ll. 1 -11. Such a reading of Rule 15 is incorrect.

In distinguishing between Rule 15(a) and 15(d), Wright and Miller have explained:

> The function of Rule 15(a) . . . is to enable a party to assert matters that were overlooked or were unknown at the time the party interposed the original complaint or answer. Although Rule 15(a) does not expressly state that an amendment must contain only matters that occurred within a particular time period, Rule 15(d) provides that any "transaction, occurrence or event that happened after the date of the pleading" should be set forth in a supplemental pleading. Thus, impliedly, an amended pleading, whether prepared with or without leave of court [distinguishing between Rules 15(a)(1) and 15(a)(2)], only should relate to matters that have taken place prior to the date of the earlier pleading.

6 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedures, §1473 (3d ed. 2011).

Righthaven's position characterizing its supplemental pleading as an amended complaint is misleading, and Righthaven should have been required to seek leave of Court prior to filing the supplemental pleading found at Docket Entry 21. (Righthaven's discussion distinguishing between Rules 15(a)(1) and 15(a)(2) has no bearing on the present dispute.)

### c. *This case would have been in the same procedural posture as Pahrump Life had Righthaven followed the Rules, Warranting Denial of any Motion to Supplement Pleadings or Amend the Complaint*

The third way that Righthaven misleads the Court in its response to Newman's Motion to Dismiss is by incorrectly arguing that "no court has decided Righthaven's standing to sue under the jurisdictional record presented to this Court." Doc. 31 at p. 11, LL 17-19.

15141\1\1581402.1                                    6

Righthaven criticizes Newman for arguing that the Court's subject matter jurisdiction analysis must be limited to the jurisdictional facts present at the time the original Complaint was filed. Id. at p. 9, LL 8-16. Had Righthaven followed the requirements of Rule 15(d), it would have had to supplement its Complaint, asserting standing based on the Restated Amendment, putting it squarely in line with Pahrump Life, which denied Righthaven's Motion to Amend and dismissed the Complaint, finding that Righthaven cannot manufacture standing by twice amending an original agreement when its amendments directly contradict the parties' explicit intent in the original SAA and their operating agreement. See Pahrump Life, No. 2:10-cv-01575-JCM (Doc. 67), Aug. 12, 2011 (Order dismissing Righthaven's Complaint and denying its Motion to Amend). Just as in Pahrump Life, here the operating agreement and SAA that were in place between Stephens Media and Righthaven at the time Righthaven filed its original complaint against Newman deprive Righthaven of any legitimate rights in the copyright of the underlying work, leaving it with a naked right to litigate on behalf of Stephens Media, thereby depriving it of standing.

> **d.   *Newman has Presented Extrinsic Evidence Justifying More Stringent Standard of Review for Factual Attacks under Rule 12(b)(1), Contrary to Righthaven's Assertions***

Throughout its Response, Righthaven asserts that Newman has presented no extrinsic evidence warranting the more stringent standard of review accompanying a factual attack, asserting instead that Newman has presented only a facial attack in which the Court must accept as true all well-pleaded facts and draw all reasonable inferences in its favor. See Doc. 31 at T6, L 16-p. 7 L 5. This is simply incorrect.

Righthaven's Amended Complaint, like its original Complaint, omits any explicit averments regarding subject matter jurisdiction (or personal jurisdiction, for that matter). Nevertheless, Righthaven implicitly asserts in the Amended Complaint that the Court has subject matter jurisdiction over this dispute. In fact, Righthaven maintains this very position in its Response to Newman's Motion to Dismiss.

The second footnote in Newman's Motion to Dismiss highlights Newman's June 28, 2011 declaration and provides authority for the Court to consider extrinsic evidence on a Rule 12

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

1  motion. Newman's June 28, 2011 declaration sets forth multiple facts contradicting the Amended
2  Complaint. In his declaration, Newman contradicts the assertion that any infringement (if it even
3  constitutes infringement) occurred in the United States. See Doc. 20 at ¶¶ 7-17. By presenting
4  such extrinsic evidence in support of his Motion to Dismiss, Newman shifts the standard of
5  review from a facial attack to a factual attack. As the Ninth Circuit has explained, when
6  presented with a factual attack on jurisdiction, the "Court need not presume the truthfulness of the
7  plaintiff's allegations." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

8      Righthaven appears to be arguing that Newman is making only a facial attack because he
9  does not substantively challenge the Restated Amendment in his Declaration. Newman's Motion
10 to Dismiss did not go into depth about the Restated Amendment because Righthaven improperly
11 attempted to circumvent Rule 15(d) when it filed its so-called "Amended" Complaint, and any
12 properly filed Motion to Supplement would have been dismissed on the same grounds as the
13 Court dismissed Righthaven's Motion to Amend in Pahrump Life – finding that the original SAA
14 governed. There the Court explained that "the restated SAA does not simply attempt to clarify or
15 supplement the facts pleaded in the complaint with additional facts that were present at the time
16 of filing; rather, the restated SAA presents a new set of facts with respect to the alleged copyright
17 ownership for the court to consider. That is impermissible under the Supreme Court's
18 jurisprudence on standing." Pahrump Life, No. 2: 10cv-01575-JCM (Doc. 67) filed Aug. 12,
19 2011 at p. 6 (citations omitted). The Court thereafter explained how the Restated Amendment
20 "substantially contradicted" the original SAA, which could not be reconciled with the original
21 complaint. Id. Further, the Court explained that any amendments to the SAA failed because they
22 were merely attempts by Righthaven "to impermissibly change the facts as pleaded in the
23 [original] complaint to manufacture standing instead of truly clarifying an ambiguity or honest
24 mistake in alleging those facts as they originally stood at the time this lawsuit was initiated." Id.
25 at 6 (citing Righthaven v. Democratic Underground, 2011 WL 2378186, at *4).

26     Thus, the Court should apply its holdings from Pahrump Life and from other cases
27 decided by other courts in this District in related Righthaven cases. To the extent it relies on
28 such matters of public record and extrinsic evidence, it should analyze subject matter jurisdiction

in this case under a factual attack, applying the more rigid standard of review, not accepting as true all well-pleaded facts, and not drawing all reasonable inferences in favor of Righthaven.

    **3.**    **Righthaven Fails to Carry its Burden of Showing that Exercising Personal Jurisdiction over Newman Would be Reasonable**

Righthaven is mistaken in asserting that the Court has personal jurisdiction over Newman. Righthaven's "Amended" Complaint asserts two claims against Newman: direct copyright infringement and vicarious copyright infringement. (In a scattershot approach, Righthaven asserts in its Response brief that Newman and the Company are liable for direct infringement and *contributory* infringement. But the Amended Complaint asserts a claim of *vicarious copyright infringement*, not contributory infringement, and courts treat the two as distinct claims. See Perfect 10, Inc. v. Amazon, Inc., 508 F.3d 1146, 1170-75 (9th Cir. 2007) (distinguishing between the two claims)).

    *a.*    *Righthaven Fails to Demonstrate that Newman is not Protected by the Corporate Shield Against Claims of Direct Copyright Infringement*

In response to Newman's argument that English corporate law shields him from personal liability on the direct infringement claim, Righthaven cites to authority from outside the Ninth Circuit and then misstates the authority's holding. See Doc. 31 at p. 19, ll. 23-27. (In the Ninth Circuit, the corporate veil generally protects individuals and is pierced only after demonstrating the corporation is the alter ego of the individual, which has not even been pled here. See Playboy Enterprises, Inc. v. Welles, 279 F.3d 796, 807 (9th Cir. 2002) (noting that the alter ego rule is generally applied with caution, and declining to apply it in a trademark dispute)).

In citing to Columbia Pictures Indus., Inc. v. Redd Horne, Inc., 749 F.2d 154, 160 (3d Cir. 1984), Righthaven states: "An officer or director who participates in direct or contributory copyright infringement can be held personally liable, jointly and severally, with a corporate defendant." Doc. 31 at p. 19, ll. 23-27. Righthaven conveniently omits the word "knowingly" that appears directly in front of the word "participates" in the Columbia Pictures decision. The actual quote from the case is: "An officer or director of a corporation who *knowingly* participates in the infringement can be held personally liable, jointly and severally, with the corporate

defendant." 749 F.2d at 160 (emphasis added). When placed in proper context, it is clear that this rule does not apply to Newman. In fact, the preceding sentence in Columbia Pictures states: "It is well settled that 'one who, *with knowledge* of the infringing activity, *induces, causes or materially contributes* to the infringing activity of another, may be held liable as a 'contributory' infringer.'" Id. (citations omitted) (emphasis added).

Here, it is undisputed that Newman did not knowingly participate in the alleged infringement, or even induce, cause or materially contribute to it. E.g., id. Newman testified under oath in his June 28, 2011 declaration that Facepunch Studios Ltd. owns a website that provides a forum for third parties to post comments. (Doc. 20 at ¶ 6.) He did not personally post the allegedly infringing material, id. at ¶ 9, nor did he direct or create content posted by third parties. Id. at ¶ 10. Until he received notice of the lawsuit, he was unaware of Righthaven's allegations of copyright infringement because Righthaven never sent him notice of the alleged infringement prior to filing suit. Id. at 11. As soon as he learned of the allegations, acting in his corporate capacity, he disabled the posting. Id. at ¶ 12. Thus, Righthaven has neither stated sufficient grounds, nor cited to controlling or relevant authority, that would justify piercing the corporate veil protecting Newman from claims of direct copyright infringement.

### b. *Righthaven Concedes Lack of General Jurisdiction over Newman*

Righthaven explicitly concedes that *general* personal jurisdiction does not exist over Newman. (Doc. 31 at p. 20, ll. 12-13). Accordingly, the only remaining dispute over personal jurisdiction is whether the exercise of *specific* personal jurisdiction over Newman is reasonable.

### c. *Righthaven Fails to Rebut Newman's Declaration Refuting Purposeful Availment, Willfulness or Specific Targeting of Nevada*

To establish purposeful availment, Righthaven urges the Court to analyze this case as if Newman not only committed copyright infringement, but also committed it willfully and directed his "actions" into the forum of Nevada. Newman's declaration of June 28, 2011 directly refutes Righthaven on both of these points, and demonstrates that he has insufficient minimum contacts with Nevada to justify the exercise of specific personal jurisdiction over him.

"[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991). Here, Righthaven has failed to present any extrinsic evidence rebutting Newman's declaration. Accordingly, Righthaven has failed to carry its burden. See Doe v. Unocal Corp., 248 F.3d 915, 923 (9th Cir. 2001).

First, Newman testified that he had no knowledge – let alone willfulness – of the alleged infringement prior to reading Righthaven's Original Complaint against him, as summarized above. (Doc. 20 at ¶¶ 9-12). Second, Newman testified had never heard of the *Las Vegas Review-Journal* until receiving notice of the Complaint. Id. at ¶ 15. "As facepunch.com's readership is worldwide and not focused on or limited to any particular geographic region, I disagree with Plaintiff's contention that reproduction of the Work on facepunch.com was of specific interest to Nevada residents. To the contrary, my experience has been that interest in facepunch.com is based on visitors' identity as a gamer, regardless of their residency." Id. at ¶ 16.

Finally, for all the reasons stated in Newman's motion to dismiss, even if the Court finds purposeful availment, it would be unreasonable to exercise personal jurisdiction over Newman. Righthaven is trying to make a mountain out of a mole hill. There is no dispute that the alleged infringement here was done by a third party poster on facepunch.com. Id. at ¶ 9. The allegedly infringing post is just one of over 14 million that have been posted to facepunch.com, and there is no way for Newman to monitor each one without notice of infringement, which Righthaven failed to provide prior to filing suit. By way of providing additional background, Newman explains the following in a second declaration filed contemporaneously with this Reply:

> The forum [on facepunch.com] began in approximately 2005 or 2006. From inception through today, approximately 14.6 million posts have been posted to the website. The website receives approximately 18,000 posts a day. It has approximately 167,000 registered users, and approximately 43,000 users logged onto the forum within the past week.
> In my official capacity as a director of Facepunch Studios Ltd., I have the ability to ban a user from the forum. However, unless notified of allegations of infringement or other misconduct,

15141\1\1581402.1

11

> there is no way to monitor each of the posts. Neither Facepunch Studios Ltd. nor I have ever been accused of copyright infringement except in this lawsuit.
>
> Facepunch.com lacks the ability to analyze every post on the forum, compare each post to all other copyrighted material that exists in the world, and determine whether a certain post on the forum infringes someone's copyright.
>
> As I referenced in my original declaration of June 28, 2011, Facepunch Studios Ltd. has no employees, and has only two directors, including myself. The company lacks the practical ability to police the infringing activities that may take place on the forum.
>
> Since Righthaven never informed me of the allegedly infringing post, there was no way for me to know that any post should be removed from the forum until we were served with a copy of the Complaint, at which time I immediately disabled the thread to the allegedly infringing post.

See **Exhibit D** hereto (Newman Second Decl. at ¶¶ 3-8).

### 4. Dismissal Should be With Prejudice

In the weeks following the filing of Newman's Motion to Dismiss, this Court has dismissed Righthaven's complaint against Pahrump Life and denied its motion to amend its complaint. Since that time, the Court invited the parties and *amici* to provide further briefing on whether the dismissal should be with prejudice or without. If the Court finds that dismissal should be with prejudice in Pahrump Life, then collateral estoppel should dictate that dismissal in the instant case be with prejudice also. If the Court is unprepared to make an order on the finality of any dismissal in the instant case, then Newman respectfully requests the opportunity to provide further briefing on that issue, advocating in favor of dismissal with prejudice.

### 5. Righthaven Never Replied to Newman's Response to its Emergency Motion for Reconsideration of the Court's Dismissal of the Original Complaint

After this Court granted Newman's Motion to Dismiss the Original Complaint (Doc. 22), Righthaven filed an Emergency Motion for Reconsideration. (Doc. 23). Newman responded, opposing reconsideration because (a) Righthaven missed the deadline of responding to the motion to dismiss by July 15, yet represented to the Court that it had met the deadline, (see Doc. 23 at p. 2), and (b) Righthaven incorrectly argued that its "Amended" Complaint constituted a proper response to the Motion to Dismiss. Based on the grounds set forth in Newman's Response in

Opposition to Righthaven's Emergency Motion for Reconsideration, and based on Righthaven's failure to reply, that motion should be denied.

### CONCLUSION

For all the reasons stated above, and for those set forth in Newman's Motion to Dismiss and Memorandum in Support, Righthaven's "Amended" Complaint respectfully should be denied. The Court lacks subject matter and personal jurisdiction, and Righthaven lacks standing. Dismissal should be with prejudice, or the parties should be permitted to provide further briefing on that issue.

DATED this 1st day of September, 2011.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: /s/ Anthony J. DiRaimondo
   KIRK B. LENHARD, Bar No. 1437
   klenhard@bhfs.com
   ANTHONY J. DIRAIMONDO, Bar No. 10875
   adiraimondo@bhfs.com
   100 North City Parkway, Suite 1600
   Las Vegas, Nevada  89106
   Telephone:  702.382.2101
   Facsimile:  702.382.8135

BONE McALLESTER NORTON PLLC

By: /s/ Stephen J. Zralek
   Stephen J. Zralek, *Admitted pro hac vice*
   szralek@bonelaw.com
   511 Union Street, Suite 1600
   Nashville, TN 37212
   Telephone: 615.238.6305

   *Attorneys for Defendant Garry Newman*

**CERTIFICATE OF SERVICE**

Pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and that on the 1st day of September, 2011, the foregoing **DEFENDANT GARRY NEWMAN'S REPLY TO RIGHTHAVEN'S RESPONSE TO NEWMAN'S MOTION TO DISMISS THE AMENDED COMPLAINT** was served via electronic service on the date and to the addresses shown below:

Shawn A. Mangano, Esq.
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
shawn@manganolaw.com

J. Charles Coons, Esq.
Joseph C. Chu, Esq.
Ikenna K. Odunze, Esq.
RIGHTHAVEN LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada  89129-7701
ccoons@righthaven.com
jchu@righthaven.com
iodunze@righthaven.com

*Attorneys for Plaintiffs*

/s/ Paula Kay
an employee of Brownstein Hyatt Farber Schreck, LLP