# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RIGHTHAVEN LLC, a Nevada limited-liability company,

    Plaintiff,

v.

GARRY NEWMAN, et al,,

    Defendants.

2:10-CV-1762 JCM (PAL)

## ORDER

Presently before the court is defendant Gary Newman's motion to dismiss the amended complaint for lack of jurisdiction. (Doc. #25). The plaintiff has responded (doc. #31), and the defendants have replied (doc. #33).

**I. Background**

This dispute arises out of the defendants alleged copyright infringement. On or about September 25, 2010, a third party displayed a Las Vegas Review-Journal ("LVRJ") article ("work"), on the defendants' website <www.facepunch.com> ("website"). The work described the phenomenon known as the "Vdara death ray" regarding a Las Vegas casino's architecture. (Amended Complaint, ¶¶ 16-20). On October 6, 2010, the work was allegedly registered with the United States Copyright Office. (Amended Complaint, ¶ 31). Righthaven claims that it purchased the right to the work from Stephens Media, LLC, the owner of the LVRJ, along with the right to sue for all past, present, and future infringements. (Amended Complaint, ¶ 28).

**James C. Mahan**
**U.S. District Judge**

1    On January 18, 2010, Stephens Media and Righthaven entered into a Strategic Alliance
2 Agreement ("SAA"), which generally governed the relationship between the two parties with regard
3 to the assignment of copyrights originally owned by Stephens Media. (Amended Complaint, ¶ 31).
4 On May 9, 2011, Stephens Media and Righthaven executed an amendment to the SAA ("first
5 amended SAA"), in order to clarify the parties' intention regarding copyright assignments to
6 Righthaven.  (Amended Complaint, ¶ 20). On July 7, 2011, Stephens Media and Righthaven
7 executed a second amendment to the SAA ("second amended SAA") to further clarify the parties
8 intentions, and to address issues identified in judicial decisions from this district.  (Amended
9 Complaint, ¶ 21).

10    Plaintiff filed its original complaint on October 12, 2010. Plaintiff alleges that defendants
11 willfully displayed the work, without authorization. Defendants raise this motion to dismiss for lack
12 of subject matter jurisdiction, specifically asserting that the plaintiff lacked standing to bring the
13 claim at the time the action was filed.

14 **II. Discussion**

15    **A. Standard of Review**

16    To hear a case, a federal court must have subject matter jurisdiction, and the party invoking
17 federal jurisdiction bears the burden of establishing jurisdiction. *Lujan v. Defenders of Wildlife,* 504
18 U.S. 555, 560-561 (1992). The issue of standing is central to establishing subject matter jurisdiction.
19 *Id.* at 560. Pursuant to Rule 12(b)(1), a defendant may seek dismissal of a claim for lack of subject
20 matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its
21 entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *In*
22 *re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* 546 F.3d 981, 984–85 (9th Cir.
23 2008). Although the defendant is the moving party in a motion to dismiss brought under Rule
24 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the
25 burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.,* 264 F.3d
26 952, 957 (9th Cir.2001) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189
27 (1936)).

28

James C. Mahan
U.S. District Judge

Attacks on jurisdiction pursuant to Rule 12(b)(1) can be either facial, confining the inquiry to the allegations in the complaint, or factual, permitting the court to look beyond the complaint. *See Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). In a facial attack "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Myer,* 373 F.3d 1035, 1039 (9th Cir.2004). By contrast, "in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* A factual attack made pursuant to Rule 12(b)(1) may be accompanied by extrinsic evidence. *Whitehorn v. F.C.C.,* 235 F.Supp.2d 1092, 1095–96 (D.Nev. 2002) (citing *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir. 1989)). Dismissal for lack of subject matter jurisdiction is proper if the complaint, considered in its entirety, fails to allege facts that are sufficient to establish subject matter jurisdiction. *DRAM Antitrust Litigation,* 546 F.3d at 984–85.

**B.     Analysis**

Section 501(b) of the 1976 Copyright Act ("act") establishes that only the owner or beneficial owner of an exclusive right under a copyright law is entitled, or has standing, to sue for infringement. *Silvers v. Sony Pictures Entm't, Inc.,* 402 F.3d 881, 884 (9th Cir. 2005). Although exclusive rights may be transferred and owned separately, Section 106 of the Act defines and limits those exclusive rights under copyright law. *Id.* at 884–85. Accordingly, the assignment of a bare right to sue is ineffectual because it is not one of the exclusive rights. *Id.* Moreover, transfer solely of the right to sue does not confer standing on the assignee because the right to sue is not one of the exclusive rights. *Id.* at 890. One can only obtain a right to sue on a copyright if the party also obtains one of the exclusive rights in the copyright. *See id.*

Furthermore, although the act grants exclusive jurisdiction for infringement claims to federal courts, those courts construe copyrights as contracts and turn to the relevant state law to interpret them. See *Automation By Design v. Raybestos Products Co.,* 463 F.3d 749, 753 (7th Cir. 2006). The question of the interpretation of the contract is a question of law. *See Shelton v. Shelton,* 78 P.3d 507, 510 (Nev. 2003). A contract is ambiguous if it is reasonably susceptible to more than one

**James C. Mahan**
**U.S. District Judge**

1  interpretation. *Id.* A contract may be ambiguous if the paragraphs in question are reasonably
2  susceptible to different constructions or interpretations. *See Agric. Aviation Eng'g Co. v. Board of*
3  *Clark County Com'rs,* 749 P.2d 710, 712 (Nev. 1990).

4   Righthaven alleges that it has copyright ownership over the work, and the SAA fully confers
5  standing to sue for copyright infringement claims. (Doc. #31). However, the SAA expressly denies
6  Righthaven any right from future assignments other than the bare right to bring and profit from a
7  copyright infringement. This conclusion is clearly demonstrated in Section 7.2 of the SAA:

> 7.2 **Despite** any such Copyright Assignment, Stephens Media shall **retain** (and is hereby granted by *Righthaven*) an exclusive license to Exploit the Stephens Media Assigned Copyrights for any lawful purpose whatsoever and ***Righthave*n shall have no right or license to Exploit or participate in the receipt of royalties from the Exploitation of the Stephens Media Assigned Copyrights other than the right to proceeds in association with a Recovery.** To the extent that Righthaven's maintenance of rights to pursue infringers of the Stephens Media Assigned Copyrights in any manner would be deemed to diminish Stephens Media's right to Exploit the Stephens Media Assigned Copyrights, *Righthaven*'s hereby grants an exclusive license to Stephens Media to the greatest extent permitted by law so that Stephens Media shall have **unfettered and exclusive** ability to Exploit the Stephens Media Assigned Copyrights ...

17  (Doc. #25, Exhibit A (bold emphasis added, italicization in original). Under this section, it is clear
18  that Righthaven is prevented from obtaining, having, or otherwise exercising any right other than the
19  bare right to sue. Despite Righthaven and Stephens Media's *post hoc* explanations of the SAA's
20  intent or later assignments, the entirety of the SAA was designed to prevent Righthaven from
21  becoming "an *owner* of *any exclusive right* in the copyright..." *Silvers,* 402 F.3d at 884 (emphasis
22  in original). Prior to the SAA, Stephens Media owned all the exclusive rights to the work, including
23  the right to sue. The plain language of the parties' agreement changed nothing save for Righthaven's
24  claim to have the bare right to sue. This transaction is unenforceable because approving of such a
25  transaction would be contrary to the clear precedent set forth in *Silver.*

26   Notwithstanding the actual transaction that occurred, Righthaven asserts that the amendment
27  it executed with Stephens Media on May 9, 2011 and the second amendment executed on July 7,
28

James C. Mahan
U.S. District Judge

- 4 -

2011 fix any possible errors in the original SAA that would prevent Righthaven from having standing in this matter. (Doc. #31). However, neither of these amendments create standing because "[t]he existence of federal jurisdiction ordinarily depends on the facts *as they exist when the complaint was filed.*" *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 571 n. 4 (1992) (quoting *Newman–Green, Inc. v. AlfonzoLarrain,* 490 U.S. 826, 830 (1989)) (emphasis in *Lujan* ).

Although a court may allow parties to amend defective allegations of jurisdiction, the parties are not permitted to amend the facts themselves. *Newman–Green,* 490 U.S. at 830. For instance, a party who misstates his domicile may amend to correctly state it. This is an amendment of the allegation. However, that party is not permitted to subsequently move in order to change his domicile and amend accordingly. This would be an amendment of the jurisdictional facts, which is not allowed. *See id.* Here, Righthaven and Stephens Media attempt to impermissibly amend the facts to create standing. Therefore, the court shall not consider the amended language of the SAA, but the actual assignment and language of the SAA as it existed at the time the complaint was filed.

Further, Righthaven argues that this court must analyze subject matter jurisdiction under the amended complaint, which includes the first and second amended SAAs.[1] For support, Righthaven relies on *Rockwell International Corp. v. United States,* 549 U.S. 457, 473–74 (2007), which states, "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." Moreover, "[T]he term 'allegations' is *not limited to* the allegations of the original complaint." *Id.* at 473 (emphasis added). However, as the Fifth Circuit recently noted, *Rockwell* "did not hold that the original complaint is irrelevant to jurisdiction or that a [plaintiff] need not establish jurisdiction from the moment he first files his action." *U.S. ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322 (5th Cir. 2011). *Rockwell* did not address whether a plaintiff can use an amended complaint to establish jurisdiction where such jurisdiction is lacking under the original complaint. *Id.* Therefore, the amendment process cannot

---

[1] This court does not address whether Righthaven properly filed an amended complaint "as a matter of course" under FRCP 15(a), as we conclude that there is no subject matter jurisdiction even if the additional facts alleged in the Amended Complaint are considered.

1  "be used to create jurisdiction retroactively where it did not previously exist." *Id.*

2  Accordingly, Righthaven's argument that the first and second restated SAAs are basis for standing fails. First, the restated SAAs are not a simple attempt to clarify or supplement the facts pleaded in the complaint with additional facts that were present at the time of filing. Rather, the restated SAAs present a new set of facts with respect to the alleged copyright ownership, which is impermissible because Righthaven may not amend the defects in the jurisdictional facts themselves. *See Newman–Green,* 490 U.S. at 830. Next, the restated SAAs' terms substantially contradict the original SAA. Again, defects of allegations may be amended, but not defects in the facts themselves. *See id.*

In conclusion, Righthaven fails to sufficiently allege an assignment of rights from Stephens Media. The SAA prevents Righthaven from obtaining any of the exclusive rights necessary to maintain standing in a copyright infringement action. Dismissal with prejudice is appropriate, because no amendment can save this complaint. *See Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002). Righthaven cannot establish that it had standing at the time it filed its complaint.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant Gary Newman's motion to dismiss (doc. # 25) be, and the same hereby is, GRANTED. The case is dismissed with prejudice.

DATED October 7, 2011.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -